Ralph B. Wilson, *Plaintiff in Error,* v. N. J. Leonard, *Defendant in Error.*

Opinion filed January 25, 1916.

Where there is no evidence upon which to predicate punitive damages, it is error to charge the jury upon that subject.

Writ of Error to Circuit Court, Lake County; W. S. Bullock, Judge.

Judgment reversed.

*H. C. Duncan, Hocker & Martin* and *J. B. Gaines,* for Plaintiff in Error;

*Eckholdt & Eckholdt,* for Defendant in Error.

Per Curiam.—Leonard recovered a judgment for $7,500.00 against Wilson for personal injuries sustained

by reason of the negligence of Wilson in running his automobile against Leonard's carriage in which Leonard was riding on a public highway. While actionable negligence appears, there is no evidence upon which to base punitive damages, therefore a charge upon punitive damages should not have been given. St. Petersburg & Gulf Railway Co. v. Van Smith, decided at this term.

The court gave the following charge: "If you find by a preponderance of the evidence that the defendant drove the automobile at the time of the collision and the same was driven by him with a reckless indifference to the rights of the plaintiff and a grossly careless disregard of the safety of the plaintiff, then the law holds the defendant to the same responsibility as if the offense was intentional, and you are then permitted to add exemplary to compensatory damages."

It is contended that this charge was not duly excepted to, but the bill of exceptions states that "the defendant asked the court to note his exceptions to the giving of these charges," and that the court "announced that exceptions would be noted to the giving of these charges." In view of the practice of the court as stated in the bill of exceptions that upon a statement of counsel that they "want to except to these charges," the court then "writes on each and every charge separately the fact that counsel excepts," it is assumed that the exceptions as made to the charges were to them severally.

The quoted charge that was given being erroneous, and as the amount of the verdict indicates that the erroneous charge may probably have influenced the jury in

making their finding of damages, the judgment will be reversed and a new trial awarded.

All concur, except COCKRELL, J., absent on account of sickness.