LONNIE CLEMONS v. W. W. CHASE, as Sheriff.

162 So. 917.
Division B.
Opinion Filed July 10, 1935.

*Lawrence Rogers* and *Murray W. Overstreet,* for Petitioner;

*Cary D. Landis,* Attorney General, *H. E. Carter,* Assistant, and *Carver & Langston,* for Respondent.

ELLIS, P. J.—Lonnie Clemons was arrested upon a warrant which was issued from the County Judge's Court for Polk County charging him with seining in "Lake Hatchineha," which, according to the warrant, was "closed to seining in Polk County." He was held in custody by the Sheriff of Polk County when, upon the application of the accused, a writ of habeas corpus was issued on May 21st from this Court.

The Sheriff's return stated that he had arrested Clemons by authority of the warrant and holds him under it. The return also stated that the warrant was issued upon an affidavit alleging that Clemons on April 5, 1935, "did seine in Lake Hatchneha, which lake is closed to seining in Polk County."

The only point involved in the controversy is whether

Lake Hatchineha or Hatchneha, originally Lake Cypress, is located in Osceola County or in Polk County. If in the latter, the court issuing the warrant has jurisdiction of the alleged offense. If on the contrary the lake is located in Osceola County the court issuing the warrant has no jurisdiction, and the petitioner should be discharged.

The question therefore is one of boundaries between the two counties.

It appears from a small map or blue print attached to the brief for petitioner that a lake designated thereon as Lake Hatchneha lies almost entirely within Township 28, South, Range 29 East. A small part of the lake on the east side of it covers part of Sections 30 and 31 of Township 28, South, Range 30 East, and a smaller part still lies in Section 1 of Township 29, South, Range 29 East. Likewise there appears upon the blue print a small lake named Lake Cypress, which covers parts of Sections 31, 32, 33 and 34 in Township 27; also part of Section 3, all of Sections 4, 5, 6, 7, 8 and 9, part of Sections 10, 16 and 17 in Township 28, all in Range 30 East.

The lake named "Cypress" on that map is almost circular in shape and lies south and slightly to the east of Lake Tohopekaliga, and is connected with that lake by a canal. Lake Hatchineha lies to the southwest of Lake Cypress about one and a half· miles and there is a canal connecting the two bodies of water.

A collection of maps of different counties, bound in one cover and entitled "Atlas of Florida Grower's Florida" and said to be on file in the office of the Commissioner of Agriculture, and which was exhibited to the Court during the oral argument without objection, shows approximately the same location of the two lakes, Cypress and· Hatchineha. The Atlas does not show upon its face the date or authority

under which it was prepared and filed in the Commissioner's office.

A large blue print entitled a "Sketch showing a portion of Osceola, Polk and Orange Counties, Florida," which purports to show the location of Lakes Tohopekaliga, Cypress, Hatchineha and Kissimmee was also submitted to the Court during the argument. That blue print appears on its face to have been prepared in May, 1935, by "Joe E. Johnston, C. E. No. 286 Fla., Kissimmee, Fla."

The brief of the petitioner states that it was "stipulated between petitioner and the respondent that originally what is now Lake Hatchineha and what is now Lake Cypress were one and the same body of water, and were designated as Lake Cypress; that as time passed and the waters receded two separate bodies of water appeared, but for the purpose of this hearing that Lake Cypress and Lake Hatchineha are to be designated as one and the same lake, called Lake Cypress."

From the best information that we have been able to obtain after inquiries at the appropriate offices in the State Capitol the following topographical condition existed when the old County of Mosquito was created in 1928. The Kissimmee River is formed by the waters of Lake Kissimmee, into which flowed by natural stream the waters of old Lake Cypress, now Lakes Hatchineha and Cypress, into which body of water Reedy or Davenport Creek flowed. That creek and its small tributaries drained the region extending from the territory in which the City of Tavares is located westward and southward as far as South Clermont, Montevista, Lake Albert, Ft. Davenport and Davenport. That system of natural drainage leaves Lake Tohopekaliga to the east, from which no natural flow of waters into old Lake Cypress existed. The territory to the westward of the

City of Kissimmee and Lake Tohopekaliga as far north as the City of Tavares and westward to Montevista, Lake Albert, South Clermont and Ft. Davenport was tributary to Lakes Cypress and Kissimmee and the Kissimmee River which empties into Lake Okeechobee.

The connection between Lakes Tohopekaliga and old Lake Cypress which existed as far back as 1846 was an artificial one to facilitate the passage by small water craft from Lake Kissimmee through Lake Cypress to Lake Tohopekaliga and thence to the City of Kissimmee. At least such is the best information obtainable by us through independent examination of the records, files, maps and documents contained in the appropriate offices at the State Capitol.

The above facts if they may be considered to be reasonably established tend to show the course of the waters which flowing through the small streams and lakes from Lakes Cypress and Kissimmee and the Kissimmee River, the general course of whose waters from north to south is of material importance in this case.

Mosquito County as created in 1828 was bounded on the north by St. Johns County, on the east by the Atlantic Ocean, on the south by Monroe County and on the west by Indian Boundary Line and Alachua County.

Hillsborough County was organized in 1834. It was bounded on the east by Mosquito County. See Chapter 764, Acts 1834.

In 1835, by Chapter 874, the County Site of "Mosquitoe County" was located at New Smyrna. In 1842 in an Act of the Legislative Council Mosquito County was designated by the name of Leigh Read County. See Acts 1842, p. 8.

In 1845, by Act approved January 30, 1845, the name of Mosquito County was changed to that of Orange.

Several counties were in the course of time created out of the large territory constituting the County of Mosquito. In 1861, the County of Polk was established out of the western part of Brevard and the eastern part of Hillsborough. The boundaries of the County of Polk are defined by Chapter 1201, Laws 1861.

We are concerned only with the eastern boundary. The Kissimmee River in 1861 was known by the name of the Wissimmee River, and Lake Kissimmee was known also by the name of Wissimmee Lake. The eastern boundary of Polk County, according to that Act, began at a point on the Wissimmee River where the line dividing Townships 32 and 33 South "strikes" the river, then following the west bank of the river to Lake Wissimmee, then "meandering the southern and western bank of said lake to Lake Cypress, and meandering said Lake Cypress on the south and west to the *point* where the *line* that divides ranges *twenty-seven* and *twenty-eight* meets the line that divides *townships twenty-five* and *twenty-six*, South." (Italics mine.) That point is about twelve miles northwest of Lake Cypress and six miles northeast of Davenport.

The shores of Lake Cypress did not extend to that point. So the eastern boundary of Polk County at about the northwest shore of the lake left the lake and took a straight tangent course of about forty-five degrees, traversing part of the territory which heretofore was referred to as constituting tableland whose waters were tributary to the River Kissimmee.

The Act of 1879, Chapter 3177, which purports to define the boundaries between the County of Polk and the Counties of Sumter and Orange, is incomplete because it fails to close the boundary. As that Act reads, the entire area east and north of the south and west shore of Lake Cypress

in Township 28 is left in what was originally Mosquito County.

Chapter 1998, Laws 1874, defining the boundaries of Brevard County, as we interpret its purpose, follows the course of the line defined by Chapter 1201, *supra,* defining the eastern boundary line of Polk because while beginning at a point on the Kissimmee River south of Lake Kissimmee it follows the same general course until it reaches the point where the range line between 27 and 28 intersects the township line between Townships 25 and 26. Section 3 of the Act seems to treat Reedy Creek as the Kissimmee River because it provides that so much of Townships 27 and 26 which is situated west of Lake Tohopekaliga and the Kissimmee River and east of Polk County "is attached to and shall become a part of the County of Orange."

On the maps the Kissimmee River is not designated by that name above the southern point of Lake Cypress. North of the lake, where Lakes Hatchineha and Cypress constituted one body of water, the large stream flowing from the north and emptying into that lake and draining the territory above described is designated by the name of Reedy Creek or Davenport Creek.

In 1887 by Chapter 3768 the Legislature established the County of Osceola. That portion of its western boundary with which we are concerned is dscribed as follows: "thence west (on the dividing line between Townships 37 and 38) to the Kissimmee River; thence along the line dividing Brevard and Manatee Counties; thence along the line dividing Brevard and Polk Counties; thence along the line dividing Orange and Polk Counties to the point of beginning." The point of beginning was the "northwest corner of township twenty-five (25) S., range twenty-seven (27) E."

In 1917 by Chapter 7401 the Legislature established the

County of Okeechobee from portions of the territory of Saint Lucie, Osceola and Palm Beach. The part of Osceola affected by that statute which bears any relation to this litigation is that which lies south of Township 32.

Section 53 C. G. L. 1927, defining the eastern line of Polk County, which is the western boundary of Osceola County, provides that where the southern boundary of Polk County commencing at a point where range line between ranges 22 and 23 "strikes" the line dividing Townships 32 and 33 and running east on the latter line strikes the Kissimmee River, then the northern course shall be "up said river along the western banks of Lake Kissimmee; thence meandering the southern and western banks of said lake to *Lake Cypress,* and meandering said Lake Cypress to the township line dividing townships twenty-seven and twenty-eight; thence west along said line to range line dividing ranges twenty-eight and twenty-nine; thence in a direct line to a point where the range line dividing ranges twenty-seven and twenty-eight intersects the line dividing townships twenty-five and twenty-six." (Italics mine.)

That is the language used in Chapter 4066, Laws of Florida, 1891.

It will be observed that it is a more accurate description of the boundary line than was contained in Chapter 1201, Laws of 1861, when the two lakes, Hatchineha and Cypress, constituted one lake called Cypress. Under Chapter 1201 the waters of old Lake Cypress did not extend to the point where the line between ranges 28 and 29 intersected the township line between Townships 25 and 26. But if the two lakes constituted one body of water, as the Legislature of 1891 evidently considered, then a point would exist on the township lines between townships 27 and 28 where the waters of the lake touched that line, from which point west-

436

ward to the line between ranges 28 and 29 the course would touch the old line prescribed by Chapter 1201, *supra*. From that point the Act of 1891 followed the line established by Chapter 1201, *supra*.

If the Legislature of 1891 when adopting Chapter 4066, *supra,* considered that there were two bodies of water composed of Lake Hatchineha and Lake Cypress then the language used, "Thence up said river, along the western bank to Lake Kissimmee. Thence meandering the southern and western banks of said lake to Lake Cypress," would be meaningless as the waters of the lake now designated as Lake Cypress do not touch the waters of Lake Kissimmee.

We are therefore of the opinion that such part of old Lake Cypress as is designated by the name of Lake Hatchineha on the late maps lies in Osceola County.

The petitioner is therefore discharged.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN, J., concur in the opinion and judgment.

DAVIS, J., disqualified.