P. L. LILLY, Game Warden, Polk County, v. ED BRONSON.

177 So. 218.

Division A.

Opinion Filed October 27, 1937.

Rehearing Denied December 7, 1937.

*Carver & Langston,* for Plaintiff in Error;

*George P. Garrett* and *Johnston & Rogers,* for Defendant in Error.

BUFORD, J.—C. L. Lilly was a game warden in and for Polk County, Florida. Ed Bronson filed suit in Osceola County against Lilly for damages incident to the alleged trover and conversion by Lilly of a fish net and a boat belonging to Bronson. He alleged in his declaration that the defendant, "without authority of law, then and there, converted to his own use and wrongfully deprived the plaintiff of his said boat and said seine therein and did then and there fasten the boat of said plaintiff containing the seine therein to his own boat and did then and there haul the same away from Lake Hatcheneha down the canal and river to Lake Kissimmee where said defendant then and there fastened

said boat to a landing and took the seine on his truck and then and there hauled it away to his home."

He alleges that Lake Hatcheneha is in Osceola County, Florida. In Clemons v. Chase, as Sheriff, etc., 120 Fla. 429, 162 Sou. 917, this Court determined that Lake Hatcheneha is located in Osceola County, Florida, and that the 'courts of Polk County did not have jurisdiction over the waters of said lake. So the suit was brought in the county where it is alleged in the declaration the cause of the action accrued.

The first question presented is:

"Where a resident of Osceola County brings suit in Osceola County against a resident of Polk County and fails to file his affidavit of good faith pursuant to Section 4219, Compiled General Laws 1927, does the defendant waive his rights under such statute by filing his demurrer, motion for compulsory amendment and pleas to the merits before filing his motion to dismiss?"

We think that the motion to dismiss because of non-compliance with Section 2579 R. G. S., 4219 C. G. L., came too late, as the defendant had already submitted himself to the jurisdiction of the court by filing demurrer, motion for compulsory amendment and pleas to the merits.

The second question is:

"Where a State deputy game warden in good faith believes Lake Hatcheneha is in Polk County and seizes a boat and seine pursuant to Chapter 13644, Acts of 1929, believing said boat and seine to have been illegally used, but in fact said Lake Hatcheneha is in Osceola County which is excepted from the provisions of said Act, is such game warden liable for punitive or exemplary damages for such seizure?"

This suit was filed in September, 1935. The record shows that the alleged conversion complained of occurred

in March, 1933. It is shown by the record that at that time many people entertained the honest belief that Lake Hatcheneha was in Polk County, Florida, and whether it was in Polk County or Osceola County, was not definitely determined until the adjudication and mandate handed down by this Court in the case of Clemons v. Chase, *supra*.

It, therefore, follows that it may be considered established that Lilly, the game warden, at the time he seized the seine or net and boat, the subject matter of this suit, seized the same in good faith, believing that he was authorized to do so under the laws of Florida applicable to Polk County, and, having acted in good faith, it follows that he would not be liable for punitive or exemplary damages.

In 8 R. C. L. 585, Sec. 132, it is said:

"While every legal wrong entitles the party injured to recover damages sufficient to compensate for the injury inflicted, not every legal wrong entitles the injured party to recover exemplary damages. To warrant the allowance of such damages the act complained of must not only be unlawful, but it must also partake somewhat of a criminal or wanton nature."

See also F. E. C. Ry. Co. v. McRoberts, 111 Fla. 278, 149 Sou. 631.

So in this case it was reversible error for the court to charge the jury upon the theory that there was a basis for the recovery of punitive damages. St. Petersburg & G. Ry. Co. v. Smith, 71 Fla. 64, 70 Sou. 940; Wilson v. Leonard, 71 Fla. 66, 70 Sou. 841.

Question Three presents the same contention as is presented in Question Two.

The fourth question presents the contention that because the boat and seine, or net, may have been in Polk County when the seizure was made and then taken by the defendant

into and across Lake Hatcheneha, that it was a question for the jury to determine whether or not the defendant committed the conversion, if at all, in Polk County or in Osceola County. The uncontradicted evidence is, in fact, the evidence given by the defendant himself, that he took the boat through Lake Hatcheneha and from there out of Osceola County. The act of conversion was a continuous one and, therefore, though he may have first come into possession of the boat and net, or seine, in Polk County, if he took it through Osceola County and out of Osceola County into Polk County, he was guilty of conversion on taking it out of Osceola County and the conversion, being a continuous act, it may have been charged to have been committed in either county.

The fifth question raises the question of the sufficiency of the evidence to establish compensatory damages as found by the jury.

The judgment must be reversed because of the element of punitive damages above mentioned and, as it must be tried a second time, we suggest that in proving compensatory damages, if any may be recovered, it will be proper to prove the value of the seine or net and boat at the time they were seized. To do this, it may be necessary to prove the cost of them when they were purchased and to prove the time when they were purchased, so as to show what the reasonable depreciation, if any, would be. If plaintiff is entitled to recover for the loss of the seine and boat, he can only recover their reasonable value at the time they were seized and not their replacement value.

For the reasons stated, the judgment should be reversed with directions that a new trial be granted.

It is so ordered.

Reversed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.