336 So.2d 1226 (1976)
Boyce GILLETTE, D/B/a Mac's Auto Parts, Appellant,
v.
Walter STAPLETON, Appellee.
No. 75-157.
District Court of Appeal of Florida, Second District.
August 25, 1976.
John R. Parkhill, Tampa, for appellant.
Simson Unterberger, Tampa, for appellee.
BOARDMAN, Judge.
Appellant/defendant brings this timely appeal from a judgment awarding appellee/plaintiff $8,808 compensatory damages and $2,000 punitive damages.
The appellant alleges that in July, 1972, he orally agreed with appellee to repair appellee's damaged automobile for $1,170. Appellant did not repair the vehicle and refused to return it to appellee upon his demand made about July or August, 1973. During the time the automobile was on the appellant's premises it had deteriorated from neglect and exposure to the elements so that at the time of trial its value was between $50 and $100. The case was submitted to the jury on two causes of action  *1227 breach of contract[1] and conversion. The jury was instructed that if it found that appellee had converted the vehicle, an element of the damages was the "reasonable value of a comparable replacement unit" from the time of the demand to the date of trial. The amount of the jury verdict indicates that the award was based in large measure upon appellee's testimony that average rental costs for a similar automobile were $14 per day.
The Supreme Court of Florida has specifically stated that damages for conversion are limited to the reasonable value of the property when converted and are not to be based on the replacement value. Lilly v. Bronson, 1937, 129 Fla. 675, 177 So. 218. Thus, compensatory damages are not properly assessed according to the value of a replacement unit. It was improper and incorrect for the trial court to give such an instruction. It is well settled in Florida and other jurisdictions that the measure of damages in an action for conversion is the fair market value of the property at the time of the conversion plus legal interest to the date of the verdict. See Pettigrew v. W & H Development Co., Fla.App.2d, 1960, 122 So.2d 813; 18 Am.Jur.2d, Conversion § 82 (1965, Supp. 1976); 7 Fla.Jur., Conversion § 23 (1958, Supp. 1976). See also Sun First National Bank of Melbourne v. Batchelor, Fla.App.4th, 1975, 308 So.2d 649, rev'd on other grounds, Fla. 1975, 321 So.2d 73. The conversion in this case occurred at the time the appellee refused to return the appellant's property when he was requested to do so. Star Fruit Co. v. Eagle Lake Growers, Inc., 1948, 160 Fla. 130, 33 So.2d 858; Murrell v. Trio Towing Service, Inc., Fla.App.3d, 1974, 294 So.2d 331. Therefore, the proper measure of compensatory damages is the fair market value of the damaged automobile as of July or August, 1973.
Although we do not decide whether sufficient evidence was adduced to support an award of punitive damages, the judgment on the issue of punitive damages must be reversed and remanded for a new trial. The general rule is that better practice and procedure requires that "if punitive damages are to be awarded it must be by the same jury that awards the compensatory damages." Touchette v. Bould, Fla.App.4th 1975, 324 So.2d 707; DuPuis v. 79th Street Hotel, Inc., Fla.App.3d, 1970, 231 So.2d 532, cert. den. Fla. 1970, 238 So.2d 105; see Baynard v. Liberman, Fla.App.2d, 1962, 139 So.2d 485.
REVERSED and REMANDED for further proceedings on the issue of damages consistent with this opinion.
McNULTY, C.J., and SCHEB, J., concur.
NOTES
[1] The plaintiff's counsel stated during trial that the suit was on two causes of action: negligence of a bailment and conversion. He specifically stated that he was not suing on the contract. The trial judge, contrary to plaintiff's counsel's requested jury instructions, did not instruct the jury on negligence, but did instruct on breach of contract. The trial judge did instruct as to the proper measure of damages for negligence of a bailment. The jury returned a general verdict not specifying which cause of action the damage awards were predicated upon. The jury could not, as a matter of law, award damages on a cause of action not pleaded or proved or on a cause of action upon which it had not been instructed. The amount of the verdict indicates that the jury awarded damages on the conversion theory and we restrict ourselves to discussion of that issue.