DOWNEY, Judge.
Appellant, Exxon Corporation, sued ap-pellee, Gordon Ward, in a three count complaint, Counts I and II for breach of contract and Count III for conversion. The trial court granted a summary judgment *1060 for Exxon on each count including prejudgment intérest on Counts I and II, but denied such interest on Count III. Ward appealed from the judgment and Exxon cross appealed the denial of interest on Count III. Ward’s appeal was dismissed for failure to file an appellant’s brief.
We reverse the denial of prejudgment interest on Count III because Exxon was entitled to recover the reasonable value of the property converted, together with interest to the date of judgment. As the court said in Gillette v. Stapleton, 336 So.2d 1226 (Fla. 2d DCA 1976):
It is well settled in Florida and other jurisdictions that the measure of damages in an action for conversion is the fair market value of the property at the time of the conversion plus legal interest to the date of the verdict. — 336 So.2d at 1227.
See also: Page v. Matthews, 386 So.2d 815 (Fla. 5th DCA 1980); 12 Fla.Jur.2d, Conversion and Replevin, § 20.
The cause is remanded with directions to enter judgment for Exxon for prejudgment interest on Count III from July 1, 1979, at 6% per annum, which amounts to $1641.41. In all other respects the judgment appealed from is affirmed.
ANSTEAD, C.J., and HERSEY, J., concur.