507 So.2d 676 (1987)
Paul CUTLER, Appellant,
v.
Claudette PELLETIER and Pamela Caputo, and Richard Emerson, Appellees.
No. 85-1074.
District Court of Appeal of Florida, Fourth District.
May 13, 1987.
*677 John S. Trimper of Brennan, McAliley, Hayskar, McAliley & Jefferson, West Palm Beach, for appellant (withdrawn as counsel after filing brief).
Rod Tennyson and Leon St. John of Powell, Tennyson & St. John, West Palm Beach, for appellees  Pelletier and Caputo.
*678 WALDEN, Judge.
Paul Cutler, appellant, appeals a final judgment awarding a total of $178,500 as treble compensatory damages and $300,200 as punitive damages to Claudette Pelletier and Pamela Caputo, appellees. Appellant raises eight issues on appeal. We affirm in part, reverse in part, and remand.
Appellant, a Canadian resident, and his wife, Beverly, owned a townhouse located in Wellington, Florida. In March or April of 1982, appellant and Caputo became romantically involved. Appellant, Caputo, and Pelletier (Caputo's friend) orally agreed that the two women would "housesit" the townhouse from May 1, 1982 until November 1, 1982. During this period, the women only had to pay for utilities.
The fact that Caputo was living in the townhouse was to be kept secret from Beverly Cutler. A written lease in the name of Mr. and Mrs. Roger Pelletier was presented to Beverly Cutler to conceal the true arrangement of the women in the townhouse. The parties did not consider the written lease legally binding.
Prior to November 1, Beverly Cutler learned of appellant's involvement with Caputo and of the townhouse living arrangement. At that time both Caputo and Pelletier were visiting in Boston. Appellant attempted to contact Caputo and tell her that she and Pelletier had to leave the townhouse immediately.
Appellant then directed Richard Emerson to go to the townhouse and change the locks. After changing the locks, Emerson, at both appellant's and Beverly Cutler's request, packed up and stored the women's possessions from the townhouse.
Both Caputo and Pelletier went to the townhouse on July 12, 1982 to pick up their possessions. Emerson would not allow the women in the townhouse, but he took them to the garage area where their possessions were stored. When they saw the stored property, they both claimed that some items were missing. Emerson told them that at Cutler's request, all of their possessions had been returned except for the Leroy Neiman lithograph. He told them the lithograph would be returned once the utility bills were paid.
On September 10, 1982, Pelletier and Caputo filed a complaint against Paul Cutler, Beverly Cutler and Richard Emerson, alleging civil theft under section 812.035, Florida Statutes (1981), wrongful eviction and conversion. Beverly Cutler was subsequently dropped as a party.
The trial court directed a verdict in favor of Caputo and against Cutler on the issue of wrongful eviction. It also directed a verdict in favor of Caputo and Pelletier and against Emerson on the issue of conversion. A jury found that Emerson's conversion was under the direction and control of Cutler and awarded both compensatory and punitive damages against both Cutler and Emerson. The trial court tripled the award of compensatory damages pursuant to section 812.035, Florida Statutes (1981). Emerson does not appeal the final judgment.
Appellant first asserts that the trial court erred in failing to grant his motion for new trial. According to appellant, the evidence was insufficient to support a finding that Emerson converted property under the direction of appellant. We find that there was sufficient evidence and affirm the trial court on this point.
Appellant's second contention is that the trial court erred in directing a verdict for wrongful eviction for Caputo, because her claim was based on an ineffective lease. We agree. There was no legally binding lease, written or oral, between the parties on which Caputo can base her wrongful eviction claim.
The parties agree that the written lease was not legally binding. Only Paul Cutler entered into the alleged oral lease with appellees. However, the townhouse was owned by both Paul and Beverly Cutler as tenants by the entireties. Property held by husband and wife as tenants by the entireties cannot be leased without both spouses joining in the contract. Douglass v. Jones, 422 So.2d 352 (Fla. 5th DCA 1982). Therefore, the alleged oral lease is not legally binding. Without a lease, Caputo has no wrongful eviction claim. Accordingly, *679 we reverse the trial court's directed verdict for Caputo, and remand for entry of directed verdict in favor of appellant on this issue.
Third, appellant asserts that the trial court erred in directing a verdict for the appellees on the issue of conversion. According to appellant, there was a jury question as to what specific property was converted by Emerson. After reviewing the evidence in the light most favorable to the appellant, we conclude that the evidence provides a basis from which the jury could have found that Emerson did not convert all the property claimed by appellees. Therefore, the trial court erred in directing a verdict for the appellees on this issue. We reverse and remand for a jury trial on this issue.
In his fourth issue raised, appellant contends that the compensatory damages awarded were based on an improper measure of damages and on legally insufficient evidence. We agree. The proper measure of damages in a conversion action is the fair market value of the property at the time of the conversion plus legal interest to the date of the verdict. Exxon Corporation v. Ward, 438 So.2d 1059 (Fla. 4th DCA 1983); and Gillette v. Stapleton, 336 So.2d 1226 (Fla. 2d DCA 1976). The damages for conversion are not to be based on the replacement value of the property. Exxon Corporation. In the instant case, the appellees' expert witnesses based their values of the converted jewelry and the Dali lithograph on the replacement cost at a time other than the date of the conversion. As such, the damages awarded were based on an improper measure of damages.
Additionally, the damages awarded for the conversion of the three lithographs were not based on competent evidence. Caputo testified as to the value of these three lithographs. An owner of property is competent to testify as to the value of his stolen property, if he has personal knowledge of the property. Taylor v. State, 425 So.2d 1191 (Fla. 1st DCA 1983). Personal knowledge means that the owner is familiar with the characteristics of the property, has knowledge in or is acquainted with its uses and purposes, and has experience in dealing with it. Savage & Surplus, Inc. v. Weintraub, 131 So.2d 515 (Fla. 3d DCA 1961).
Art was a new field to Caputo and she was not an expert in the area. She had never seen the prints in question and did not know their size or color. In addition, Caputo had to contact the consignor of the works to learn the names and costs of the works. Clearly, Caputo did not have the necessary personal knowledge of the works and was not competent to testify as to their value or as to the value of the Dali lithograph. Therefore, we reverse the award of compensatory damages, and remand for a proper assessment of damages.
Finally, appellant asserts that the trial court erred in awarding both punitive and treble damages under section 812.035, Florida Statutes (1981). We agree. Although the appellant did not raise this issue below, the error appealed affects fundamental rights and can be raised for the first time on appeal. See Abrams v. Paul, 453 So.2d 826 (Fla. 1st DCA 1983).
At the time the complaint was filed, section 812.035(7), Florida Statutes (1981), specifically allowed for both treble and punitive damages. However, section 812.035(7) was amended to eliminate the award of punitive damages, and this amended version became effective October 1, 1984. The trial in the instant case began on February 25, 1985.
Where a controlling statute is repealed or otherwise changed, the law as changed becomes applicable and controlling at trial. Ingerson v. State Farm Mutual Automobile Insurance Co., 272 So.2d 862 (Fla. 3d DCA 1973); Arick v. McTague, 292 So.2d 31 (Fla. 1st DCA 1973). In reviewing a judgment on direct appeal, an appellate court must dispose of the case according to the law prevailing at the time of the appellate disposition. Lowe v. Price, 437 So.2d 142 (Fla. 1983). Thus, applying the correct law to the instant case, we find that the trial court erred in awarding both treble and punitive damages under section 812.035(7), Florida Statutes. Furthermore, the *680 award of both treble and punitive damages amounts to a double recovery for the appellees, and an excessive penalty to the appellant. See McArthur Dairy, Inc. v. Original Kielbs, Inc., 481 So.2d 535 (Fla. 3d DCA 1986). Accordingly, we reverse the punitive damages awarded.[1]
In summary, we affirm the trial court's denial of appellant's motion for new trial. We reverse the directed verdict for Caputo on the wrongful eviction claim, and remand for entry of directed verdict in favor of appellant on this issue. We reverse and remand for a jury trial on the issue of conversion. Compensatory damages, if awarded at trial on remand, are to be assessed in accordance with this opinion. Finally, we reverse the punitive damages awarded.
Affirmed in part; Reversed in part and Remanded for further proceedings in accordance with this opinion.
DELL and GUNTHER, JJ., concur.
NOTES
[1] Appellees, in their complaint, prayed for punitive damages on two other theories of law. First, that appellant was negligent in retaining Emerson to evict the appellees. Second, that the acts of appellant and Emerson were malicious, wanton and willful. However, after reviewing the evidence, we find that there was insufficient evidence to support an award of punitive damages on either of these theories.