PER CURIAM.
The former husband, pro se, on behalf of himself and his minor son (from another marriage), brought suit against his former wife and her parents claiming conversion of various articles of personal property which had been located in a house in Bro-ward County. After a hearing, of which there is no transcript in the record, the trial court dismissed the suit for two reasons: failure to state a cause of action and improper venue. The former husband appealed, also pro se, asking this court to dispose of this case “on the merits brought forth in the record.” At this court’s request, the former wife and her parents filed a brief addressing the venue and failure to state a cause of action issues.
The wife responds that in her petition for dissolution, (not in the record) she denied the existence of any joint property. The husband alleges that his counter-petition raised issues related to his rights in personal property, but the final judgment, according to the wife, (also not in the record), did not address the distribution of any personal property.
The husband did not appeal the final judgment of dissolution, and thus is barred by res judicata from raising an issue as to his personal property. Res judicata, however, would not apply to any conversion of the son’s property.
It also appears that the trial court incorrectly dismissed the cause on the ground of improper venue. The husband alleged that the property had been located in Broward County. A suit can be brought where the cause of action accrued. § 57.011, Fla.Stat. (1985). Since conversion is a continuous act, if the property converted has been taken from one county to another, it may be said to have been committed in either county for purposes of venue, Lilly v. Bronson, 129 Fla. 675, 177 So. 218 (1937); 12 Fla.Jur.2d Conversion and Replevin § 29 (1979). Thus, venue was proper in Broward County.
We, therefore, affirm the order of dismissal as to the husband’s cause of action for his property, but remand with leave to file a separate cause of action for conversion of any property allegedly belonging to the son.
AFFIRMED IN PART, REVERSED IN PART.
LETTS, GLICKSTEIN and WALDEN, JJ., concur.