PER CURIAM.
We affirm that part of the judgment which holds appellant liable for conversion of appellee’s property. We reverse the amount awarded as damages. In Gillette v. Stapleton, 336 So.2d 1226 (Fla.2d DCA 1976), the court pointed out that in a claim for conversion:
The Supreme Court of Florida has specifically stated that damages for conversion are limited to the reasonable value of the property when converted and are not to be based on the replacement value. Lilly v. Bronson, 1937, 129 Fla. 675, 177 So. 218. Thus, compensatory damages are not properly assessed according to the value of a replacement unit. ... It is well settled in Florida and other jurisdictions that the measure of damages in an action for conversion is the fair market value of the property at the time of the conversion plus legal interest to the date of the verdict.
Id. at 1227.
The invoices placed in evidence by appel-lee show the price paid for the items during the period from 1972-1983. Mr. Wolffs testimony that he thought the property had a value of $34,000 is too speculative and indefinite to support the amount of the damage award. In short, this record does not contain evidence from which the court could determine the value at the time of the conversion of the items converted.
Accordingly, we affirm the judgment finding liability in favor of appellee. We reverse and remand this case for a new trial on damages.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DOWNEY, DELL and STONE, JJ., concur.