611 So.2d 558 (1992)
FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
Timothy L. PATTERSON, APPELLEE/Cross-Appellant.
No. 92-555.
District Court of Appeal of Florida, First District.
December 22, 1992.
Rehearing Denied January 22, 1993.
Melanie Shaw Seymour and Richard M. Denney, Fort Walton Beach, for appellant/cross-appellee.
Woodburn S. Wesley, Jr. of Cotton, Wesley, Poche & Gates, Shalimar, for appellee/cross-appellant.
WEBSTER, Judge.
Appellant appeals, and appellee cross appeals, following the entry of a final judgment awarding compensatory damages to appellee for conversion of appellee's auto. Appellant raises three issues: (1) whether appellee is the proper party to bring the action; (2) whether there is competent substantial evidence to support the trial court's decision that appellant had converted appellee's auto; and (3) whether, assuming that the trial court's decision that appellant had converted appellee's auto is supported by competent substantial evidence, the trial court applied the proper measure of compensatory damages. In his cross appeal, appellee raises two issues: (1) whether the trial court applied the proper measure of compensatory damages; and (2) whether the trial court erroneously refused to permit appellee to amend his complaint to include a demand for punitive damages. We affirm as to all issues except the measure of compensatory damages.
Appellee's auto was damaged in a collision for which appellant's insured was at fault. Appellee contacted his insurer, which told him to make a claim with appellant. Pursuant to appellant's instruction, appellee had his auto towed to a body shop for an estimate of the repair cost. A short time later, before any settlement had been reached between appellant and appellee (and without appellee's consent or knowledge), *559 appellant authorized another body shop with which it had a contract to pick up appellee's auto as salvage. That body shop picked up appellee's auto and, shortly thereafter, stripped it for salvage. While it is not clear from the record how this was allowed to happen before a settlement had been reached and appellant had obtained title to the auto, there is no evidence to suggest that it was the result of more than simple negligence on the part of appellant.
Appellee testified that, although he had purchased the auto used for $6,500.00 several months before the accident, he believed that he had gotten a good deal, and that its fair market value immediately before the accident had been $6,850.00. It is undisputed that, as a result of the accident, the auto was a total loss. Also undisputed are the facts that appellee ultimately received $6,600.00 (his estimate of the auto's fair market value immediately before the accident less a deductible of $250.00) from his insurer; and that the salvage value of the auto was twenty percent of its value immediately prior to the accident (or $1,370.00).
The trial court concluded that appellant had converted appellee's auto. Initially, it entered a final judgment awarding appellee $12,499.68 in compensatory damages. Apparently, this figure represents the sum of the following: "the net value of the car and interest"  $3,437.28; "loss of use" of the auto  $6,917.30; and "loss of ... use of the money" being paid by appellee on his auto loan  $2,145.10. However, as the result of a motion for rehearing filed by appellant, the trial court later entered an amended final judgment which reduced the compensatory damage award to $8,074.58. This latter figure represents the sum of the following: "loss of use of the vehicle"  $6,917.30; appellee's insurance deductible  $250.00; and interest  $907.28.
It is clear from the record that appellee is the proper party to bring the action. Likewise, our review of the record satisfies us that substantial competent evidence was presented to support the trial court's conclusion that appellant converted appellee's auto. See, e.g., Stearns v. Landmark First Nat'l Bank, 498 So.2d 1001 (Fla. 4th DCA 1986) (knowledge or intent is not a necessary element of a cause of action for conversion). We also conclude that appellee failed to establish, by proffer or otherwise, a reasonable factual basis upon which to predicate a right to the recovery of punitive damages. Accordingly, it was not error for the trial court to refuse to permit appellee to amend his complaint to add a demand for punitive damages. See § 768.72, Fla. Stat. (1987).
Regarding the proper measure of compensatory damages for the conversion of appellee's auto, appellant concedes that appellee is entitled to recover the salvage value of the auto ($1,370.00), the amount of his insurance deductible ($250.00) and prejudgment interest. However, it argues that the trial court's award of damages for loss of use of the auto is not a proper element of damage for a conversion. Appellee argues that, in addition to the amount awarded by the trial court as compensatory damages, the trial court should have awarded $3,437.28 representing "the net value of the car and interest," and $2,145.10 representing "the loss of use of the money paid" by appellee on his auto loan after the auto had been converted.
In Gillette v. Stapleton, 336 So.2d 1226 (Fla. 2d DCA 1976), the plaintiff recovered damages for the conversion of his auto. On appeal, the court reversed the award of compensatory damages, which it concluded had been "based in large measure upon [the plaintiff's] testimony that average rental costs for a similar automobile were $14 per day." Id. at 1227. In doing so, the court said, "It is well settled in Florida and other jurisdictions that the measure of damages in an action for conversion is the fair market value of the property at the time of the conversion plus legal interest to the date of the verdict." Id. (emphasis added). Accord Cutler v. Pelletier, 507 So.2d 676 (Fla. 4th DCA), review denied, 518 So.2d 1277 (Fla. 1987); Mercury Motor Express, Inc. v. Crockett, 422 So.2d 358 (Fla. 1st DCA 1982).
From the foregoing authorities, it is apparent that the correct measure of compensatory *560 damages for the conversion of appellee's auto is the fair market value of the auto at the time of its conversion, plus prejudgment interest. The conversion occurred after the accident which rendered appellee's auto a total loss. At the time of the conversion, the fair market value of the auto was its salvage value  $1,370.00. Therefore, appellee is entitled to this amount, plus interest at the legal rate from the date of the conversion to the entry of the final judgment. Appellee is not entitled to recover in a conversion action for the loss of use of his auto or the loss of use of the money that he continued to pay on his auto loan.
Accordingly, we reverse the final judgment, and remand with directions that the trial court enter an amended final judgment awarding appellee the salvage value of the auto ($1,370.00); the amount of appellee's insurance deductible, to which appellant has conceded appellee is entitled ($250.00); and appropriate prejudgment interest at the legal rate. In all other respects, we affirm.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN and WOLF, JJ., concur.