648 So.2d 833 (1995)
The HASKELL COMPANY, a Florida Corporation, Appellant,
v.
PEEPLES CONSTRUCTION COMPANY, INC. et al., Appellees.
No. 93-2453.
District Court of Appeal of Florida, First District.
January 10, 1995.
Rehearing Denied February 2, 1995.
William D. Brinton and Lisa L. Pickert of Allen, Brinton & Simmons, P.A., Jacksonville, for appellant.
Jack W. Shaw, Jr. and Herbert R. Kanning of Osborne, McNatt, Shaw, O'Hara, Brown & Obringer, P.A., Jacksonville, for appellees.
WOLF, Judge.
The Haskell Company (Haskell), appellant, raises four issues on appeal only one of which has merit. We will briefly discuss two issues: (1) Whether the trial court erroneously interpreted the 45-day notice provision in section 255.05(2), Florida Statutes, as requiring the appellant, Haskell (sub-subcontractor), to give notice to the appellee, Peeples Construction Company, Inc. (contractor), of its intent to rely on the construction bond for payment 45 days from the date Haskell began work on the project, rather than 45 days from the date Haskell was due to receive payment; and (2) whether the court erred in its calculation of the amount of damages for conversion based upon appellant's wrongful removal of equipment from the job site.
Section 255.05(2), Florida Statutes, provides that "[a] claimant, except a laborer, who is not in privity with the contractor and who has not received payment for his labor, materials, or supplies shall, within 45 days after beginning to furnish labor, materials, or supplies for the prosecution of the work, furnish the contractor with a notice that he intends to look to the bond for protection." *834 (Emphasis added). The statute provides that no action for the labor, materials or supplies may be instituted against the contractor or the surety unless such notice has been given. The stipulated facts here show that the notice was furnished no earlier than 102 days after Haskell began to furnish labor, materials or supplies for the work. Appellant argues that the 45-day time period should begin to run from the date when they were due to receive payment. We reject appellant's argument as to this issue because it is in direct conflict with the unambiguous language of the statute. See Taylor Woodrow Constr. Co. v. Burke Co., 606 So.2d 1154 (Fla. 1992).[1] As to the second issue, however, we find that appellant is correct in asserting that the trial court erred in its calculation of damages for conversion. The correct measure of damages in conversion is the fair market value of the property on the date of the conversion, plus interest at the legal rate from the date of conversion until entry of the final judgment. Florida Farm Bureau Casualty Ins. Co. v. Patterson, 611 So.2d 558 (Fla. 1st DCA 1992). It is undisputed that the fair market value of the property on the date of conversion was $11,950. We, therefore, reverse the final judgment as to the amount of damages awarded for the unlawful conversion, and direct the trial court to enter a judgment reflecting $11,950 plus prejudgment interest as the correct measure of damages for conversion. In all other respects the judgment is affirmed.
WEBSTER and MICKLE, JJ., concur.
NOTES
[1] As supplemental authority, appellant provided us with the case of Martin Paving Co. v. United Pacific Ins. Co., 646 So.2d 268 (Fla. 5th DCA 1994). It is unnecessary for us to address the wisdom of the fifth district's determination that § 255.05, Fla. Stat., does not eliminate the existence of common law bonds. The instant case may be distinguished from Martin Paving in two important respects: (1) Appellant never raised the issue of common law bonds, and (2) appellant did not demonstrate or argue that it was injured in any manner by appellees' failure to record the bond.