PERKINS, T.R., Associate Judge.
This appeal follows a non-jury trial awarding damages and granting replevin of medical records to Appellee, Dr. Donald C. Edwards, M.D., and against Appellant, Pain Care First of Orlando, LLC. (“Pain Care”). Although we affirm the trial court’s determination that Dr. Edwards owned the medical records that make up the substance of this case, we reverse the award of damages.
From 2004 to December 2007, Dr. Edwards worked as the sole physician for Pain Care. In October 2004, the parties entered into their written “Independent Professional Physician’s Agreement,” un *353 der which Dr. Edwards accepted appointment as the clinic’s Medical Director and became the owner of the medical records.[1] In 2006, this written contract was terminated by mutual agreement but Dr. Edwards continued to work as the clinic’s sole physician. In addition, Dr. Edwards continued to be listed as the clinic’s medical director on the clinic’s letterhead and continued to sign documents on behalf of the clinic.
In December 2007, Dr. Edwards accepted a position at a rival pain clinic and stopped working at Pain Care. At that time, he requested that Pain Care provide him with the medical records for all patients that he had seen while at Pain Care. Pain Care promptly declined but did offer to provide him with copies of his notes.
Dr. Edwards then sued Pain Care in replevin to recover approximately 800 patient medical records, and for damages related to the clinic’s wrongful detention of those records. In his second amended complaint, he alleged that the records were of “nominal value” on the open market but were nevertheless “irreplaceable” to him. While this case was still pending, Pain Care sold the clinic, including all of the medical records, for $1,315,644.15.
At trial, Dr. Edwards testified that he owned the medical records as the medical director and producer of the records and was entitled to possession of the original records when he left Pain Care. In addition, he claims he continued to serve as the medical director even after the written contract was terminated by working as the clinic’s only physician and by signing documents as medical director. Dr. Edwards further claimed that the medical records were the most valuable assets of the business, entitling him to most of the sale proceeds.
Dr. Edwards presented the testimony of Paul Bauman, an expert on business valuation. Mr. Bauman opined that pain clinic patients are notoriously loyal and that 90% of those patients would typically follow Dr. Edwards to a new clinic as long as he could continue to provide them with pain medication. In order to prescribe pain medication, however, Dr. Edwards needed the medical records. Mr. Bauman estimated that Dr. Edwards lost approximately $470,000 in income at the new clinic because he did not get the patients’ medical records when he moved and, as a consequence, was not able to treat those patients.
One of the owners of Pain Care, Ken Lester, Jr., testified that Pain Care owned the medical records. He testified that Dr. Edwards was an independent contractor paid on an hourly basis and had no ownership interest in the clinic or its medical records. Thus, Appellant argues, even if Dr. Edwards may have become the technical owner of the medical records while medical director, the records reverted back to Pain Care when the written agreement was mutually terminated. Yet, Pain Care never entered into another employment agreement with Dr. Edwards in which the clinic was specifically designated as the owner of the medical records. In fact, when Mr. Lester was specifically asked about this point he said: “Never specifically referenced the patient records, no, I did not.”
Mr. Lester also explained that the purchase price for Pain Care included: (i) office equipment and miscellaneous items totaling not more than $50,000; (ii) Mr. Lester’s knowledge and understanding of the business; and (iii) the medical records. Mr. Lester acknowledged that patient ree- *354 ords are “integral” to the business but not the business’ only asset of value. He agreed that Dr. Edwards was entitled to copies of his work product but not the actual medical records containing patient contact information. Mr. Lester contended that Dr. Edwards really only wanted the contact information in order to solicit his former patients.
The trial court found that Dr. Edwards owned the patient records, and that because the records had been sold, Dr. Edwards was entitled to damages for their wrongful conversion by Pain Care. The court estimated the value of the records by taking the purchase price of the clinic ($1,315,644.15) and subtracting the value of the physical assets ($20,000) and the services provided by Mr. Lester ($41,600) for a net value due Dr. Edwards for loss of the records of $1,254,044.15. The court also awarded Dr. Edwards interest from the date he asked for the records and held that Dr. Edwards was entitled to a writ of replevin for any records that remained in the custody of the Appellant. This appeal timely followed.
Section 456.057, Florida Statutes (2010), governs the ownership of medical records and provides:
(1) As used in this section, the term “records owner” means any health care practitioner who generates medical records after making a physical or mental examination of ... any person; ... or any health care practitioner’s employer ... provided the employment contract or agreement between the employer and the health care practitioner designates the employer as the records owner.
(Emphasis added).
The statute recognizes that a health care practitioner who “generates a medical record after making a physical or mental examination ...” is the presumptive owner of that record. Although the employer of that health care practitioner is permitted to own the medical records, that only occurs if an agreement between the employer and the health care practitioner specifically designates the employer as the records owner.
Here, Dr. Edwards became the owner of the medical records under the express provisions of a written agreement. Although the parties agreed to terminate that written contract, they had no discussion or agreement regarding ownership of the medical records. More importantly, the parties did not specifically designate Pain Care as the new owner of the medical records. Without such designation, we conclude, as did the trial court, that Dr. Edwards remained the owner of the medical records.
As owner of the medical records, Dr. Edwards was entitled to immediate possession of the originals. However, Pain Care made that impossible when they sold the business, including the records, to a third party in January 2009. When the transfer occurred, Dr. Edwards’ cause of action became one for conversion. See Pearson v. Ford Motor Co., 694 So.2d 61 (Fla. 1st DCA 1997) (“ ‘Conversion’ occurs when a person who has a right to possession of property demands its return and the demand is not or cannot be met.”). When personal property is converted and not recovered by the owner, the owner may be entitled to money damages in an amount equal to the fair market value of the property at the time of its conversion. Foresight Enters., Inc. v. Leisure Time Props., Inc., 466 So.2d 283, 288 (Fla. 5th DCA 1985) (Cowart, J., dissenting); see Exxon Corp. v. Ward, 438 So.2d 1059, 1060 (Fla. 4th DCA 1983) (“It is well settled in Florida and other jurisdictions that the measure of damages in an action for con *355 version is the fair market value of the property at the time of the conversion plus legal interest to the date of the verdict.”) (quoting Gillette v. Stapleton, 336 So.2d 1226, 1227 (Fla. 2d DCA 1976)). However, Dr. Edwards failed to amend his claim for damages and failed to specifically plead the unique value of the records as an item of special damage.
More importantly, Dr. Edwards failed to prove the fair market value of the medical records at the time of the sale. The parties agree that the fair market value of the entire business at the time of its sale was $1,315,644.15. But no evidence was offered by either party on the value of the medical records alone. The records were a crucial asset of that business to be sure, but only one of many assets that made up the ongoing business. Often the most valuable asset of an ongoing business, for example, is goodwill related to years of trusted business dealings. Yet, Dr. Edwards failed to offer evidence to the trial court of the special value of the medical records separate and apart from the value of the entire business.
Calculating the value of the medical records by simply subtracting the value of the furniture and consultation services from the selling price for the overall business oversimplifies a complex valuation analysis. Moreover, the value of the original records was certainly diminished when Dr. Edwards declined an offer by Appellant to provide him with copies of his patient notes. Accordingly, the award of damages to Dr. Edwards must be reversed. However, a new trial is not warranted. Having proceeded to judgment on legally insufficient proof, Appellee does not get a do-over. Van Der Noord v. Katz, 481 So.2d 1228, 1230 (Fla. 5th DCA 1985).
We have considered the other issues raised by the Appellant, but conclude that they need not be addressed in view of our disposition of this case. Accordingly, we affirm that part of the judgment determining ownership of the medical records but reverse that part of the judgment awarding damages.
AFFIRMED in part, REVERSED in part.
MONACO and TORPY, JJ., concur.

. In addition to the agreement, Pain Care's Medical Records Policy and Procedure designates that the medical director "shall be the 'records owner’ as defined in 456.057, F.S.”