DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BARRY ROSENTHAL,** as Trustee of the
**BARRY ROSENTHAL REVOCABLE TRUST UAD 11-17-2009,** et al.**,**
Appellants,

v.

**EQUUS PROPERTY HOMEOWNERS HOA, INC.,**
Appellee.

No. 4D22-2830

[August 23, 2023]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Reginald Roy Corlew, Judge; L.T. Case No. 502018CC008141.

Robert J. Hauser of Sniffen & Spellman, P.A., West Palm Beach, for appellants.

Peter J. Sosin of Sosin Law, PLLC, Boca Raton, for appellee.

MAY, J.

A tale of non-conforming pavers brings this appeal to this Court. Homeowners appeal a judgment for the Homeowners Association ("HOA") for replacement of pavers in the apron of their home.[1] They argue the trial court erred in awarding the HOA more than the fair market value of the fifty pavers taken by the homeowners to repair their driveway. We agree and reverse.

- ***The Facts***

The homeowners purchased land in the HOA development. The HOA's declaration provided the house is within the HOA's jurisdiction and the HOA owns and maintains the aprons. The aprons consisted of pavers, and all aprons had a uniform appearance. After agreeing to the declaration, the homeowners built their home and installed the pavers in the aprons.

---

[1] The apron is the driveway area between the sidewalk and the street. The homeowners had two aprons, as they had a circular driveway.

Subsequently, the homeowners' driveway was damaged by AT&T. The homeowners removed fifty pavers from the apron in front of their house to replace the damaged pavers in their driveway. Unable to locate the same paver color, the homeowners replaced the apron pavers with a different colored paver, creating a diamond pattern in the center that differed from the rest of the community's aprons. The homeowners had no authorization from the HOA to do so.

The HOA notified the homeowners that the diamond pattern violated the declaration because they needed approval to make those changes. The homeowners then sought approval from the HOA, which was denied. The HOA provided the homeowners with a $2,400 estimate to replace just the diamond patterns on the aprons. The homeowners did not accept the offer.

Four years later, the HOA replaced all the pavers in both aprons for $3,000 to avoid the nonconforming diamond pattern. Even so, the new apron pavers were slightly different in shade. The HOA then sued the homeowners for conversion of the original fifty pavers.[2]

At trial, no one disputed the homeowners removed the pavers. They took them from the apron area to match the pavers in their driveway. The husband homeowner testified the pavers cost between $.58 and $2. The HOA claimed damages of $3,000, the cost to replace all pavers in the two aprons.

The trial court found:

(1) the HOA owned the pavers;

(2) the homeowners wrongfully asserted dominion over the pavers by removing them from the apron and installing them into their driveway, which was entirely inconsistent with the HOA's ownership;

(3) the HOA could not merely replace the removed pavers because doing so would not return the apron to its previous condition, leaving the HOA no choice but to replace both aprons; and

---

[2] The original complaint pled a breach of contract claim and a request for injunctive relief. The amended complaint pled one count of conversion.

(4) the $3,000 the HOA paid to replace the aprons was a direct and proximate result of the homeowners' conversion of the pavers.

The trial court awarded the HOA $3,000 in damages. From this judgment, the homeowners appeal.

- ### *The Analysis*

The homeowners first argue the trial court's decision that the homeowner's converted the pavers is not supported by competent and substantial evidence. Specifically, the homeowners argue the HOA failed to prove it had demanded the homeowners to return the pavers. By failing to prove such a demand, the HOA failed to meet its burden of proof. The homeowners also argue the HOA cannot prove an "intent to permanently deprive" the HOA of the pavers.

The HOA responds the homeowners failed to preserve the issue. And if preserved, "demand" is not a required element of a conversion claim.

"When a decision in a non-jury trial is based on findings of fact from disputed evidence, it is reviewed on appeal for competent, substantial evidence." *Acoustic Innovations, Inc. v. Shafer*, 976 So. 2d 1139, 1143 (Fla. 4th DCA 2008). "However, where a trial court's conclusions following a non-jury trial are based upon legal error, the standard of review is *de novo*." *Id.*

Conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." *Edwards v. Landsman*, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011). "[T]o state a claim for conversion, one must (1) allege facts sufficient to show ownership of the subject property and (2) facts that the other party wrongfully asserted dominion over that property." *Id.*

Here, the homeowners claim the HOA failed to prove conversion because the HOA had not "demanded" the pavers back. Nevertheless, proof of "demand" is not required to prevail on a conversion claim. Under Florida law, a plaintiff can state a conversion claim in different ways. One such way is by demonstrating a demand has been made and refused. *Joseph v. Chanin*, 940 So. 2d 483, 487 (Fla. 4th DCA 2006).

But a second method of proving conversion is "**where the act complained of amounts to a conversion regardless of whether a demand is made**." *Anderson v. Agnew*, 20 So. 766, 768–69 (Fla. 1896)

3

(emphasis added). On such an occasion, "demand and refusal are unnecessary." *Id.*

Here, the homeowners' taking of the pavers amounted to a conversion in and of itself. *Id.* The trial court did not err in concluding a conversion took place.

The homeowners next argue the trial court erred in awarding $3,000 in damages. The HOA responds the cost it incurred to replace the aprons are recoverable general damages and fit within the flexibility provided by Florida law to fashion an appropriate tort remedy. Alternatively, the HOA argues the homeowners are not entitled to a judgment in their favor should this court reverse the $3,000 damages award. Instead, the HOA should receive a judgment for $100 or nominal damages.

"The appropriate amount of damages, as compared with the amount of damages awarded, involves a legal question reviewable on appeal." *Hollywood Imports Ltd., Inc. v. Nationwide Fin. Servs., LLC*, 360 So. 3d 759, 762 (Fla. 4th DCA 2023) (quoting *R & B Holding Co., Inc. v. Christopher Advert. Grp., Inc.*, 994 So. 2d 329, 331 (Fla. 3d DCA 2008)). "As a result, our review of the trial court's damage award is de novo." *Id.* (citing *D'Angelo v. Fitzmaurice*, 863 So. 2d 311, 314 (Fla. 2003)).

"[T]he damages which an owner in a conversion action can recover is the fair market value of the property at the time of the conversion plus legal interest to the date of the verdict." *Id.* (quoting *Cutler v. Pelletier*, 507 So. 2d 676, 679 (Fla. 4th DCA 1987)). Our supreme court "has specifically stated that damages for conversion are limited to the reasonable value of the property when converted and are not to be based on the replacement value." *Colangelo v. Stone Flex, Inc. of Fla.*, 551 So. 2d 565, 566 (Fla. 4th DCA 1989) (quoting *Gillette v. Stapleton*, 336 So. 2d 1226, 1227 (Fla. 2d DCA 1976)) (and citing *Lilly v. Bronson*, 177 So. 218, 219 (Fla. 1937)). Accordingly, "compensatory damages are not properly assessed according to the value of a replacement unit." *Gillette*, 336 So. 2d at 1227.

The homeowners removed fifty pavers from the aprons. The husband homeowner testified each paver cost between $.58 and $2. This amount is based on the replacement pavers he purchased. Using the highest-priced paver, the fair market value of the pavers at the time of the conversion is $2 per paver or $100 for all fifty pavers.

Because the damages awarded exceed the legally recognizable damages, the homeowners are liable for $100 plus legal interest to the judgment date. We therefore reverse and remand the case to the trial court

to reduce the damages award.

*Reversed and remanded.*

CIKLIN and ARTAU, JJ., concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***