FRANKLIN v. SPRATT.

Opinion delivered May 30, 1927.

1. TROVER AND CONVERSION—DAMAGES.—The rule of damages applicable to an unlawful conversion of personal property is that, if the defendant has equitable interest in the property, recovery against him is limited to the actual net amount of the plaintiff's interest, although the possession is wrongfully assumed or retained.

2. TROVER AND CONVERSION—INSTRUCTION AS TO DAMAGES.—It was error to instruct that if the jury found defendant unlawfully converted an automobile to return a verdict for plaintiff for its value at the time of conversion, with interest, where the instruction failed to tell the jury to deduct from that value the amount which plaintiff owed defendant for purchase price and repairs.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum*, Judge; reversed.

*Dave Partain*, for appellant.

*C. W. Knott* and *B. T. Davidson*, for appellee.

HUMPHREYS, J. This is an appeal from a judgment of $450 against appellant in favor of appellee for the alleged unlawful conversion of a Chalmers automobile. Appellee had traded an equity valued at $300 in a Ford coupe to appellant for a second-hand Chalmers car valued at $850, executing twelve notes in the sum of $45 each, or a total of $540, for the balance of the purchase money. Title was retained by appellant to secure the purchase-money notes. After appellee had used the Chalmers car for a time it became necessary to have it repaired, and the car was returned to appellant for that purpose. Appellee testified that appellant agreed to repair it for $50. Appellant testified that he agreed to repair it for the actual cost of the material and labor. The actual cost of material and labor entering into the repairs was $105. In addition to the dispute relative to the amount of the repairs, a dispute arose between the parties concerning the amount of the monthly payments, appellee testifying that appellant had agreed to accept notes in denominations of $35 each covering the balance of the purchase money in lieu of the notes he had given

appellant for $45 each, and that, in keeping with the understanding, he had paid $35 on the first note which was due August 3, 1924. Appellant testified that he made no agreement to vary or change the original contract or to substitute notes in denominations of $35 each for the $45 notes given for the balance of the purchase money. The dispute became acute, resulting in a refusal by appellant to return the car to appellee unless he would pay $105 for the repairs and the entire balance of the purchase money of $505. Appellee refused to comply with this demand, whereupon appellant sold the Chalmers car for $150. This suit was then instituted by appellee for the alleged unlawful conversion of the car.

In the course of the trial the court committed reversible error in defining the rule of damages applicable to unlawful conversion of personal property where each party to the suit has an interest therein.

"The rule is that, wherever the defendant has a legal or equitable interest in or claim upon the specific property for the conversion of which he is sued, the recovery against him is limited to the actual net amount of the plaintiff's interest, although the possession is wrongfully assumed or retained. This fully indemnifies the plaintiff and leaves the balance of value in the hands of him who is entitled to it, thus settling the whole controversy in one suit."

Instructions numbers 5 and 9 told the jury that, if they found appellant unlawfully converted the Chalmers automobile, to render a verdict in favor of appellee against him for the value thereof at the time of the conversion, together with interest thereon. These instructions failed to tell the jury to deduct from the value of the automobile the amount appellee owed appellant thereon for purchase money and repairs.

On account of the errors indicated the judgment is reversed and the cause is remanded for a new trial.