This cause is here upon writ of error taken to a final judgment of the Circuit Court of Dixie County based upon a verdict for damages against Fletcher as defendant for conversion of certain lumber alleged to have been rightfully in the possession of Dees as plaintiff.
It appears that Dees and Fletcher entered into a written contract whereby Dees was to cut the pine timber located on Fletcher's land which was to extend over a period of one and a half years, said timber to be paid for at four dollars per thousand feet "as the lumber is cut and shipped". After cutting and manufacturing the lumber for about two months the mill was shut down apparently for the purpose of realizing on the lumber already manufactured which had dropped in price or because the adventure for the time being was not a paying proposition. Soon after the mill shut down Fletcher undertook to declare *Page 403 
the contract at an end and thereupon removed some 17000 feet of lumber, which was stacked for drying, from the premises and converting some to his own use, against the objections of plaintiff.
The defendant admitted taking the lumber and one of the questions presented to be passed upon here is whether under the circumstances plaintiff could maintain an "action for conversion" of the lumber under the terms of the contract and the circumstances developed by the evidence in the case.
The defendant's main contention was that Dees had abandoned the contract and evidence was taken tending to support that view, and upon which, the trial court gave adequate instructions; the verdict of the jury in favor of plaintiff seems to have settled that question in favor of plaintiff.
It appears to be well settled that one who has a special, as well as a general interest, in personal property can maintain an action for conversion of same; also that one who has aspecial interest can only recover the value of his special interest in the property. 204 Ala. 584, 87 So. 19; 151 Ala. 435, 40 So. 533. It appears that plaintiff at least had a right to possession until the lumber should be shipped and therefore had an implied lien until disposed of according to the contract. It has been held that a lienholder with possession or right to possession may maintain an action for conversion of such property. See Dekle v. Calhoun, 60 Fla. 53, 53 So. 14; Meyers v. Ferris, 91 Fla. 958, 109 So. 209.
The fact that defendant owned the land on which the timber grew and was manufactured would not alone give him the right to claim possession exclusive of plaintiff's rights in the lumber. In the case of Melrose Mfg. Co. vs. *Page 404 
Kennedy, 59 Fla. 313, it was held that where crude turpentine collected in boxes out in pine trees is the subject of conversion and its ownership is sufficiently alleged, the ownership of the trees or of the land is immaterial. See also West Yellow Pine Co. v. Stephens, 80 Fla. 298, 86 So. 241. It has also been held that an action in trover is a possessory action and founded upon a disturbance of plaintiff's right to possession of chattels. Bower's Law of Conversions, Secs. 596-598; 20 R.C.L. 1131, Sec. 41.
The only other question presented here for review is the denial of the amended motion for new trial which is based upon newly discovered evidence. An examination of that ground of the motion shows that it wholly fails to show a compliance with the rules often announced by this court. See Herndon v. State,73 Fla. 451, 74 So. 511; Crandall's Florida Common Law Practice, 730-731.
Finding no reversible error the judgment of the trial court is affirmed.