BARHAM *v.* STANDRIDGE.

4-6180 148 S. W. 2d 648

Opinion delivered March 10, 1941.

*Minor Pipkin* and *Howard Hasting,* for appellant.

*Parker & Parker,* for appellee.

SMITH, J. The Barham Motor Company sold a 1937 Chevrolet sedan to Mrs. Ova Standridge for $500. The transaction was evidenced by a written contract, in which the title was reserved until the purchase price

had been fully paid. Monthly payments of $20 were required for ten months, the balance to be paid in eleven months. Payments were not promptly made as required by the contract, and Mrs. Standridge admitted that $62 in payments were in default. The contract gave the seller the right to repossess the car in default of prompt payment, and to accelerate the debt by declaring the entire balance due, and to treat the sums paid as rent for the use of the car.

Mrs. Standridge testified that the motor company granted indulgence by way of extension of time for payment, and had agreed to re-write the contract and reduce the amount of the monthly payments. She further testified that the car was damaged in a collision, and that it was taken to the motor company for repair, which the company agreed to make for $15; that the repairs were made, but that, without her knowledge or consent, the company sold the car at private sale and applied the proceeds to the payment of the balance of the purchase price.

The testimony on behalf of the motor company was to the effect that payments tendered were accepted, but Mrs. Standridge was constantly urged to make payments as they matured, and she was told that possession of the car would be taken if the payments were not made as agreed, and that after the collision Mrs. Standridge brought the car to the motor company's garage and surrendered it, stating at the time that she was unable to pay for it.

The testimony upon this issue of fact cannot be reconciled, but may be summarized by saying that the testimony on Mrs. Standridge's behalf was to the effect that the possession of the car was obtained through the false and fraudulent representation that it would be repaired and returned to her. On behalf of the motor company it was to the effect that the car was voluntarily surrendered.

Over the objection of the motor company the court charged the jury as follows: "3. You are instructed that if you find from the evidence that the defendant

unlawfully and maliciously took and sold the plaintiff's automobile and with intentional violation of her rights then in that event you are instructed that you have a right to give the plaintiff punitive damages, in any sum which you may believe proper, not exceeding $500, as a punishment to the defendants for the wrongful acts which you believe proper and commensurate with the wrongs done to plaintiff. In this connection you are told that punitive damages ought not to be given except in case of intentional violation of another's right or with malicious intent to injure another in his person or property."

There was a verdict and judgment in favor of Mrs. Standridge for $100, from which is this appeal.

The testimony is conflicting as to the amount Mrs. Standridge had paid, and the balance due. Testimony on behalf of the motor company was to the effect that it cost $30 to repair and paint the car after the collision, and that the car was sold for $227, an amount insufficient to pay the balance due on the purchase price.

It was error to submit to the jury the question whether Mrs. Standridge was entitled to recover punitive damages. According to appellant's version, she was not entitled to damages of any kind, or in any amount, and under her own testimony she is entitled only to compensatory damages. Under the contract appellant had the right to repossess the car upon default in payments as agreed unless that right had been waived by extension of time for payments. But it could not exercise this right through force or through fraud, and it was a fraud if the motor company gained possession of the car by promising to repair and return it for an agreed charge.

The case of *Franklin* v. *Spratt*, 174 Ark. 268, 295 S. W. 26, controls here. There, as here, the vendor of a car who had retained title obtained possession under an agreement to repair the car, and thereafter converted it. This was held to be an unlawful conversion, and (to quote a headnote) that "The rule of damages applicable to an unlawful conversion of personal property is that,

if the defendant has equitable interest in the property, recovery against him is limited to the actual net amount of the plaintiff's interest, although the possession is wrongfully assumed or retained."

The same result is reached by having the jury fix the value of the car at the time of its conversion, and to credit on that amount the balance of purchase price due, the verdict being for the difference.

As the judgment must be reversed for a new trial on account of the error in giving the instruction copied above, we take occasion to decide another question raised by appellant which will probably arise on the retrial. Richard Barham, appellant's bookkeeper, was asked how much they got for the old car which Mrs. Standridge traded in. This question was objected to, the objection being that the question was irrelevant and immaterial. We do not think so. There was a sharp conflict as to the amount allowed Mrs. Standridge for her car, and evidence as to its value was proper to corroborate her. It is relevant also on the question of the value of the car which Mrs. Standridge purchased and the motor company converted. If the conversion was unlawful Mrs. Standridge had the right to recover the value of the converted property at the time of its conversion, less the balance of purchase money due.

For the error indicated the judgment is reversed, and the cause will be remanded for a new trial.