386 So.2d 815 (1980)
Stuart J. PAGE, Appellant,
v.
Dean MATTHEWS, Appellee.
No. 79-180.
District Court of Appeal of Florida, Fifth District.
July 9, 1980.
Rehearing Denied August 21, 1980.
*816 Martin R. Satava and John W. Rodgers, Orlando, for appellant.
Sam E. Murrell and Fred Langford, Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant, Stuart J. Page, appeals from a final judgment awarding appellee, Dean Matthews, $8,064.00 in damages for the conversion of a 1965 Great Dane trailer.
The question presented by this appeal is whether appellee's recovery is limited to the value of his interest or right in the property.
Page, a truck broker, sold a trailer to Matthews under a conditional sales contract. Under its terms, Matthews would pay $6,400.00: $500.00 down with the balance in minimum payments of $400.00 per month.
Most payments were made in the form of deductions from freight charges due Matthews from Page. Page considered Matthews in default because no payments or credits were made in March or April of 1975 and Page then repossessed the trailer. Matthews sued for conversion and a jury verdict was returned in his favor. At trial, Matthews contended his total payments on the vehicle equaled $2,808.88. Upon oral argument, Page conceded that this figure was correct.
The jury entered judgment for $8,064.00 in damages which included $6,400.00 as the value of the trailer and $1,664.00 in interest. Page contends that the court erred in refusing to instruct the jury that Matthews' recovery, as that of a conditional vendee, was limited to the value of his interest in the trailer.
We agree and reverse.
In Florida, an action for conversion is regarded as a possessory action and the plaintiff must have a present or immediate right of possession of the property in question. Allen v. Universal C.I.T. Credit Corp., 133 So.2d 442 (Fla.1st DCA 1961). Questions of ownership or title are not crucial to the bringing of an action for conversion. See Porco v. Love, 340 So.2d 1245 (Fla.3d DCA 1977). Hence, even one who is a conditional vendee is entitled to bring suit for wrongful conversion. See Fletcher v. Dees, 101 Fla. 402, 134 So. 234 (1931).
The general rule as enunciated in Lilly v. Bronson, 129 Fla. 675, 177 So. 218 (1937), is that damages for conversion are limited to the reasonable value of the property when converted. Damages are based on the fair market value of the property at the time of the conversion plus legal interest to the date of the verdict. Gillette v. Stapleton, 336 So.2d 1226 (Fla.2d DCA 1976); Pettigrew v. W & H Development Corp., 122 So.2d 813 (Fla.2d DCA 1960). It is also well settled that one who has a special interest in personal property can only recover in a conversion action the value of his interest in the property. Fletcher v. Dees at 235. Page maintains that Fletcher is dispositive of the issue in the instant case and limits Matthews to recovery of his special interest ($2,808.88) since here, as in Fletcher, the plaintiff has an equitable interest in the converted property. Matthews contends that Fletcher is limited to situations wherein the plaintiff has a lien interest in the converted property.
In Fletcher, Dees and Fletcher had entered into a written contract whereby Dees was to cut timber located on Fletcher's land over an eighteen-month period. After two months, Fletcher sought to end the contract and removed a large amount of lumber *817 which had been cut and stacked on his property, converting some to his own use. Dees sued for conversion. The court declared:
[O]ne who has a special, as well as a general interest in personal property can maintain an action for conversion of same; also ... one who has a special interest can only recover the value of his special interest in the property. It appears that plaintiff at least had a right to possession until the lumber should be shipped, and therefore had an implied lien until disposed of according to the contract. It has been held that a lienholder with possession or right of possession may maintain an action for conversion of such property.
Id. at 234.
Fletcher appears to be a manifestation of a broader principle which applies in other jurisdictions when a plaintiff has a qualified right or interest in the property which is the subject of the conversion action. This principle is enunciated in 89 C.J.S. Trover and Conversion § 164 (1955):[1]
A plaintiff having only a special or qualified right or interest may recover the full value of the converted property as against a stranger; but, as against one having an interest or right in the property, recovery is limited to the value of the plaintiff's interest or right.
The Arkansas Supreme Court applied this rule in Barham v. Standridge, 148 S.W.2d 648 (Ark. 1941), which is somewhat similar to the instant case. In Barham a dealer sold plaintiff an automobile on an installment arrangement and passage of title was delayed until full payment of the purchase price. Plaintiff failed to promptly submit her payments but the dealer ostensibly assented to an extension of time. While the car was at the dealership for repairs, the dealer sold it at a private sale and applied the proceeds to payment of the balance of the purchase price. Plaintiff sued for unlawful conversion and an issue arose as to the proper measure of damages. The court held that the proper measure could be reached by having the jury fix the value of the car at the time of conversion and credit to that amount the balance of the purchase price due, the verdict being for the difference. The court quoted the following rule with approval:
The rule of damages applicable to an unlawful conversion of personal property is that, if the defendant has an equitable interest in the property, recovery against him is limited to the actual net amount of the plaintiff's interest, although the possession is wrongfully assumed or retained.
In the instant case, testimony at trial fixed the value of the trailer at $6,400.00. Under Barham and the other authorities cited above, the balance of the purchase price due ($3,591.12) would have to be deducted from the value of the trailer which gives the actual amount of appellee's interest $2,808.88. Such an award is consistent with the general rule of damages that an award should be equal to and precisely commensurate with the injury sustained. Hanna v. Martin, 49 So.2d 585 (Fla. 1950).
We therefore reverse and remand for entry of judgment for $2,808.88 together with interest from the date of conversion.
REVERSED and REMANDED.
COBB, J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] See also, 18 Am.Jur.2d Conversion § 108 (1965), wherein it is stated:

In an action for a conversion committed by an owner of an interest in the property, or by one acting in privity with him, the plaintiff is not entitled to recover the full value of the property; the amount of recovery in such case is limited by the value of his interest in the property, as well as by the value of the property converted.