JOANOS, Judge.
The trial court incorrectly determined the measure of damages resulting in an award to appellee of $25,600.00 for the conversion of his tractor, therefore we reverse in part and remand for recalculation of damages.
William J. Crockett, Jr., (“Crockett”) sued Mercury Motor Express, Inc. (“Mercury”), for the conversion of his tractor alleging that an agent of Mercury had come onto his property, taken possession of the tractor (part of a tractor-trailer rig), driven the tractor away and continued to hold it. Crockett also alleged that certain described items of his personal property were in the tractor at the time of the conversion and that Mercury Motors continued to hold those items. As a result, Crockett alleged, he had lost the value of the tractor, the value of the personal property, the use of the tractor, and the use of the personal property. Mercury answered and set up as an affirmative defense the existence of two contracts which they contended should be read together, rendering the repossession of the tractor lawful. Mercury further alleged that all personal property had been returned to Crockett, and counterclaimed for the expense of repossession.
After hearing the evidence, the trial court determined that there had been a conversion of the tractor and Crockett’s personal property and assigned a value of $600.00 to the personal property. To this extent, the determination of the trial court is supported by competent substantial evidence in the record and we will not disturb that determination on appeal. See CIC Leasing Corp. v. Dade Linen and Furniture Co., 279 So.2d 73 (Fla. 3d DCA 1973). As to the measure of damages over and above the value of Crockett’s personal property ($600.00), however, appellant’s argument that an incorrect standard was applied is well taken.
“The general rule ... is that damages for conversion are limited to the reasonable value of the property when converted. Damages are based on the fair market value of the property at the time of the conversion plus legal interest to the date of the verdict.” Page v. Matthews, 386 So.2d 815 (Fla. 5th DCA 1980), citing Lilly v. Bronson, 129 Fla. 675, 177 So. 218 (1937), Gillette v. Stapleton, 336 So.2d 1226 (Fla. 2d DCA 1976), and Pettigrew v. W & H Development Corp., 122 So.2d 813 (Fla. 2d DCA 1960). See also Estate of Corbin, 391 So.2d 731 (Fla. 3d DCA 1980). “It is also well settled that one who has a special interest in personal property can only recover in a conversion action the value of his interest in the property.” 386 So.2d at 816. In support of this statement the court in Page made reference to a principle articulated at 89 C.J.S. Trover and Conversion § 164, (1955):
A plaintiff having only a special or qualified right or interest may recover the full value of the converted property as against a stranger; but, as against one having an interest or right in the property, recovery is limited to the value of the plaintiff’s interest or right.
To determine the amount of damages in Page, the court took the value of the property at the time of conversion, credited the defendant with the balance of the purchase price due, and added interest from the date of conversion.
In the present case the trial court found that $25,000.00 was the reasonable market value of the tractor at the time of conversion and awarded that amount in full. This assessment failed to take into account the balance of the purchase price due under one of the contracts held by *360 Mercury, which Page and the authorities cited therein indicate should have been considered. We have not overlooked the fact that in Page, the reasonable market value at the time of conversion was established to be identical to the original purchase price, so that the plaintiff recovered as the value of his interest in the property the exact amount he had paid towards the purchase price.
The present record indicates that the original value of the tractor was $45,564.48, however, a witness on behalf of Mercury testified that at the time of conversion, the tractor, which had over 200,000 miles on it, had a fair market value of $22,000 to $24,-000. Crockett testified that prior to the conversion he had paid $20,000 to $25,000 towards the purchase price. Documentation of payments in the record indicates Crockett may actually have paid $19,847.96 as of August 30, 1980, shortly before the conversion occurred on September 23, 1980. Based on the evidence and authorities presented by the parties, the award of damages of $25,000 is reversed. The case is remanded to the trial court for redetermi-nation of damages for conversion of the tractor, applying the test set forth in Page v. Matthews. The trial judge may, at his discretion, receive additional evidence on the issue of damages. The award of $600.00 for conversion of Crockett’s personal property is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
LARRY G. SMITH and SHAW, JJ., concur.