498 So.2d 1001 (1986)
Hazel G. STEARNS, Appellant,
v.
LANDMARK FIRST NATIONAL BANK OF FORT LAUDERDALE and Willard F. Stearns, Appellees.
No. 85-2882.
District Court of Appeal of Florida, Fourth District.
December 10, 1986.
James L. Kershaw, Fort Lauderdale, for appellant.
Constance G. Grayson of English, McCaughan & O'Bryan, Fort Lauderdale, for appellee Landmark First Nat. Bank of Fort Lauderdale.
WEBSTER, PETER D., Associate Judge.
Appellant, plaintiff below, requests reversal of a partial summary judgment in favor of appellee Landmark First National Bank of Fort Lauderdale ("Landmark").
In her second amended complaint, plaintiff sought damages from Landmark after it had sold United States Treasury Notes allegedly held by plaintiff and her husband as tenants by the entireties. The Treasury Notes had been pledged as security for certain loans made by Landmark to plaintiff and her husband. Plaintiff alleged that her signature had been forged on the promissory notes and security agreements by which the Treasury Notes had been pledged. Damages were sought in two counts, based on theories of conversion and negligence, respectively. Both counts sought compensatory and punitive damages.
At the summary judgment hearing, counsel for Landmark conceded that, for purposes of the motion, the Treasury Notes were jointly owned; that plaintiff's husband forged her signature on the loan documents; and that the Treasury Notes were *1002 ultimately sold to satisfy the indebtedness to Landmark. According to Landmark's counsel, summary judgment was appropriate on the conversion claim because there was no intent by Landmark wrongfully to deprive plaintiff of her interest in the Treasury Notes. Similarly, Landmark's counsel argued that summary judgment was appropriate as to the demand for punitive damages in each count because there was no evidence sufficient to suggest that Landmark's acts were in any way intentional, or that they rose to the level of willful and wanton misconduct necessary to support punitive damages.
The trial judge granted a partial summary judgment for Landmark on the conversion claim and on both demands for punitive damages. The negligence claim was later tried to a jury. By special verdict, the jury found that the Treasury Notes had been held by plaintiff and her husband as tenants in common, rather than as joint tenants, and that there had been no negligence by Landmark which had been a legal cause of damage to plaintiff. Plaintiff then appealed only the partial summary judgment.
Regarding the conversion claim, summary judgment was based solely on the argument that there was no evidence of intent by Landmark wrongfully to deprive plaintiff of her interest in the Treasury Notes. However, as plaintiff correctly points out, knowledge or intent is not a necessary element of a cause of action for conversion. Considering and rejecting an argument similar to that made by Landmark, this Court, in Eagle v. Benefield-Chappell, Inc., 476 So.2d 716, 718 (Fla. 4th DCA 1985), held that "[l]iability for conversion does not require proof of knowledge or intent to deprive one of his property." Other courts in this State have reached the same conclusion. See, e.g., Home Ins. Co. of New York v. Handley, 120 Fla. 226, 162 So. 516 (1935); Klein v. Newburger, Loeb & Co., 151 So.2d 879 (Fla. 3d DCA 1963). The conversion claim should have been permitted to proceed to trial. However, because the jury found that the Treasury Notes were held in common, rather than by the entireties, plaintiff may pursue that claim only to the extent of her one-half interest in those Notes, which is $54,500.
To sustain an award of punitive damages, there must be evidence of culpable negligence such as that necessary to sustain a criminal conviction for manslaughter. White Construction Co. v. Dupont, 455 So.2d 1026 (Fla. 1984). In this case, there was simply no evidence before the trial court at the time of the summary judgment hearing sufficient to create a genuine issue of material fact that Landmark's actions were of such a nature. (In fact, the jury subsequently found for Landmark on the issue of simple negligence.) Therefore, the summary judgment on the punitive damage demands was not error.
This matter must be affirmed in part and reversed in part, with directions that the trial court reinstate the conversion claim and proceed to trial thereon. Plaintiff's recovery, should she prevail on the merits, must be limited to her $54,500 interest in the Treasury Notes.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
LETTS and WALDEN, JJ., concur.