526 So.2d 119 (1988)
CITY OF CARS, INC., Appellant/Cross-Appellee,
v.
Margie Jean SIMMS, etc., et al., Appellees/Cross-Appellants.
No. 87-1177.
District Court of Appeal of Florida, Fifth District.
April 28, 1988.
Rehearing Denied June 8, 1988.
Maxwell W. Wells, Jr., of Wells & Morrison, P.A., Orlando, for appellant/cross-appellee.
Steven C. Blinn of Robert D. Melton, P.A., Orlando, for appellees/cross-appellants.
PER CURIAM.
A boyfriend and his girlfriend (appellee) jointly bought a car from a used car dealer (appellant) with a purchase money balance payable weekly and secured by the car as collateral. The address of the residence of the couple was noted on the car dealer's payment card. The couple then moved their place of residence, notifying the post office of the change but not notifying the car dealer of their new address. Next, the *120 girlfriend moved out, leaving the boyfriend and the car at the new address. The boyfriend got a new girlfriend and then died. The old girlfriend, seeing the new girlfriend driving the car, called the police who made the new girlfriend return the car to the residence of the deceased boyfriend. At the suggestion of the police, the girlfriend went to the car dealer for their help in recovering possession of the car for her benefit. Payments were delinquent and approximately $1,580 balance was due on the car. The girlfriend testified she provided her new address to the car dealer and offered to make payment current, and was told to wait until the car had been repossessed.
The car dealer acquired possession of the car and wrote a letter to the purchasing couple notifying them of the repossession and the dealer's intent to sell the car as collateral for the balance due. The letter was mailed to the old address on the payment card, forwarded by the post office to the couple's new address and then returned to the car dealer. There was no further contact by the girlfriend with the car dealer or the car dealer with the girlfriend until after the car dealer resold the car to a third person.
The girlfriend sued the car dealer for count I, common law fraud; count II, conversion (or civil theft under § 812.035(7), Florida Statutes (1985)); count III, unfair or deceptive trade practices (§ 501.204, et seq., Florida Statutes); count IV, violation of section 320.27, Florida Statutes; count V, breach of contract; and count VI, violation of Uniform Commercial Code section 679.502(2), Florida Statutes. The jury found for the plaintiff as follows: count II, civil theft  $1,500 compensatory damages, $40,000 punitive damages; as to count II, conversion  $1,500 compensatory damages, $40,000 punitive damages; and as to count III, unfair trade practices  $1,500 compensatory damages. The trial court entered judgment for $4,500, being the $1,500 compensatory damages for conversion tripled under the civil theft statute (§ 812.035(7), Fla. Stat.), prejudgment interest of $1,087.13, punitive damages of $40,000, costs of $1,032.85 for a total of $46,619.78. The trial court also reserved jurisdiction to award attorney's fees. The car dealer appeals.
While the caption of count II of the complaint is entitled "Count II  CONVERSION," the body states in paragraph 15 that this count is a cause of action pursuant to section 812.035(7), Florida Statutes. Allegations of that count in paragraph 17 essentially alleged a conversion, and paragraph 19 characterizes that conversion as having been done willfully, wantonly, and maliciously and/or done in gross and reckless disregard of plaintiff's rights. The prayer in count II is for treble damages under section 812.035(7), Florida Statutes, punitive damages, attorney's fees, etc. There is no separate count in the complaint based on a cause of action for conversion.
There is a substantive difference between a civil cause of action for conversion and for a theft authorizing civil damages under section 812.035(7), Florida Statutes (1985). Any act of a person in asserting a right of dominion over a chattel which is inconsistent with the right of the owner and deprives the owner of the right of possession to which the owner is entitled may constitute a conversion, whether the act is accomplished with, or without, any specific wrongful mental intent. On the other hand, theft under section 812.014, Florida Statutes, requires a certain act be accomplished with a mens rea, or a guilty mind containing a criminal intent to steal (animus furandi). Theft is not merely a conversion done in a gross and reckless manner as is inferred by paragraph 19 of count II of the complaint and paragraph 9 of the special verdict form. A finding of a civil conversion does not justify an award of treble damages under Florida's Antifencing Act statute, section 812.035, Florida Statutes (1985). See Bertoglio v. American Savings & Loan Ass'n., 491 So.2d 1216 (Fla. 3d DCA 1986). At trial, at the request of the girlfriend and over the objection of the car dealer, the trial court gave a jury instruction as to count II that in effect required only a finding of conversion and did not require the jury to find the criminal intent that is necessary for civil *121 theft and treble civil damages and attorney's fees under section 812.035(7), Florida Statutes (1985). Accordingly, the trial court erred in awarding treble damages for theft and in reserving jurisdiction to award attorney's fees.
Nor do we find the pleadings and evidence sufficient to sustain a judgment for attorney's fees based upon section 501.2105, Florida Statutes (The Florida Deceptive and Unfair Trade Practices Act). That section relates to civil litigation resulting from a "consumer transaction." That term is defined in section 501.203(1), Florida Statutes, and relates to sales of goods and consumer services. This litigation does not relate to the original sale of the car. This litigation results from the repossession of the car and its subsequent disposition by the car dealer. These matters do not constitute a "consumer transaction" within the meaning of that statutory term.
Notwithstanding the confusion as to civil theft and conversion caused by the girlfriend's failure to state each of those causes of action in a separate count as directed by Florida Rule of Civil Procedure 1.110(f), and notwithstanding the evidence of the car dealer's good faith efforts to notify the girlfriend of the repossession of the car and of the dealer's intent to sell the car, at private sale, as collateral for the balance of the purchase price, we find count II of the complaint and the jury instructions and the evidence sufficient to sustain a jury verdict finding a simple conversion and compensatory damages of $1,500 for that tort. Accordingly, the judgment is reversed and this cause is remanded for entry of judgment for compensatory damages of $1,500, plus prejudgment interest and costs.
REVERSED and REMANDED.
COBB, COWART and DANIEL, JJ., concur.