**Backer NAVID, Appellant,**

v.

**UITERWYK CORPORATION, Appellee.**

**No. 90–995–CIV–T–17C.**

United States District Court,
M.D. Florida,
Tampa Division.

July 3, 1991.

Sharyn Beth Zuch, Shackleford, Farrior, Stallings & Evans, P.A., Tampa, Fla., for appellant.

Don Mason Stichter, Stichter, Riedel, Blain & Prosser, P.A., Tampa, Fla., for appellee.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on an appeal from the Bankruptcy Court's order

sustaining the objection of Uiterwyk Corporation, the Debtor, to claim # 1010 filed by Backer Navid and disallowing the claim. The claim is in the amount of $1,150,256 and is based on civil theft and conversion of $383,418.72, plus pre-petition interest and attorneys' fees. The appellant, Backer Navid, alleges that the Bankruptcy Court erred in that the Bankruptcy Court based its order on the theory that Uiterwyk was acting at all times as an agent for a disclosed principal and, as such, was not liable for its own torts of conversion and theft.

## STANDARD OF REVIEW

■■■ This Court's standard of review of the Bankruptcy Court's findings of fact is clearly erroneous. The standard of review of the issues of law is de novo review. Furthermore, the Bankruptcy Court must make all necessary findings of fact. If the Bankruptcy Court is silent or ambiguous as to an outcome determinative fact, then this Court must remand the case back to the Bankruptcy Court for further review. *In Re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir.1990).

## FACTS

According to the findings of fact by the Bankruptcy Court, the dispute arose from a shipment of nineteen containers of air-conditioning equipment from New York to Khorramashr, Iran on a motor vessel called the "Margitta". Unfortunately, the Margitta encountered a typhoon and as a result, the air-conditioning equipment was severely damaged.

On June 5, 1978, Navid, the owner of the air-conditioning equipment, sent a written claim to Iran Express Lines, the owner of the Margitta. However, Navid subsequently dealt with Walter A. Rollins, Senior Vice–President of Uiterwyk Corporation, acting as a general agent for Iran Express Lines in the United States. Rollins requested that Navid execute a release in exchange for payment of $383,418.72. Navid complied with the request and signed a release relinquishing any claims he may have against the Margitta, her masters, owners, agents, charters, managers and underwriters from any claim based on the damage to the shipment of air-conditioning equipment.

On February 20, 1980, Rollins acknowledged that Uiterwyk Corporation received a settlement claim for the damage to the cargo on the Margitta in the amount of $386,000. However, Rollins refused to pay Navid, claiming that the money was for the benefit of Uiterwyk Corporation as an agent for Iran Express Lines. Instead, Rollins applied the settlement to a debt which was guaranteed by Uiterwyk Corporation and owed to Grindlay Brandts, Ltd.

Uiterwyk Corporation filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 27, 1983. Navid filed an amended proof of claim for conversion and civil theft.

## CONVERSION

■■■ " 'Conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time.' " *National Union Fire Insurance Co. of Pennsylvania v. Carib Aviation, Inc.*, 759 F.2d 873, 878 (11th Cir.1985) (citing *Senfeld v. Bank of Nova Scotia Trust Co. (Cayman)*, 450 So.2d 1157, 1160–61 (Fla. 3d DCA 1984) (citing *Star Fruit Co. v. Eagle Lake Growers, Inc.*, 160 Fla. 130, 33 So.2d 858 (1948))). The tort of conversion applies to many types of personal property, including money. In an action for conversion of money, the money must be specific money that is capable of identification. *Allen v. Gordon*, 429 So.2d 369 (Fla. 1st DCA 1983) (referring to *Belford Trucking Co. v. Zagar*, 243 So.2d 646 (Fla. 4th DCA 1971)). Hence, an action for conversion of money consists of three elements: specific and identifiable money, a deprivation of money belonging to another, and an unauthorized act which deprives another of his money.

■■ Upon Rollins' request, Navid executed a release relinquishing any claims that he may have based on the damage to the cargo shipped on the Margitta. In exchange for this release, Navid was entitled to payment in the amount of $383,-418.72. Subsequently, Uiterwyk Corporation received two checks from the insurance carrier, Lowndes Lambert Group,

Ltd., for a settlement in the amount of $383,418.72, less a commission of $3,834.18, which is equal to a total amount received of $379,584.54. However, Rollins stated that the money was paid to another creditor, Grindlay Brandts, Ltd., in payment of a debt that was personally guaranteed by Uiterwyk. Hence, the money in dispute was specific money which was capable of identification.

Secondly, the Bankruptcy Court found that Navid never received any payment on his claim for the damaged cargo. Upon signing the release, Navid was entitled to payment of $383,418.72. When the insurance carrier paid the settlement to Uiterwyk and Uiterwyk utilized the money for another purpose, Navid was deprived of his money.

The last issue is whether there was an unauthorized act which deprived Navid of his money. The Bankruptcy Court has determined that Uiterwyk was acting as an agent for a disclosed principal, Iran Express Lines. Furthermore, the Bankruptcy Court stated in its order:

> It is a generally accepted principle that when a contract is made with an agent who is known to be acting as such, and the principal is disclosed, the agent is not personally liable on the contract, without his consent. 2 Fla.Jur.2d, *Agency and Employment*, § 80, p. 236. It is the disclosed principal, not the agent, who is legally bound and responsible for obligations created by the transaction.

Following this principle, the Bankruptcy Court held that Uiterwyk Corporation was not liable to Navid.

Although the above principle is a correct statement of the law, the Bankruptcy Court's analysis with respect to an action for conversion is incomplete. The key issue is whether or not there was an unauthorized act which deprived Navid of his property. Simply because Uiterwyk is an agent for a disclosed principle does not lead to the absolute conclusion that Uiterwyk is not liable for tortious conduct. According to Prosser and Keeton, as stated in *The Law of Torts*:

> The liability of a servant or agent who receives possession from another on behalf of his principal or masters has presented more difficulty. The prevailing view is that if the agent himself has negotiated the transaction for his principal, in which the agent takes possession of the goods, the agent thereby asserts such an adverse claim, of so serious a character, that he is liable to the true owner of the goods for conversion, notwithstanding his innocence and good faith. But if the agent innocently receives or transports the goods and has no other part in the transaction, he is not responsible for the conversion by the agent's principal.

Prosser & Keeton, *The Law of Torts* § 15 (5th ed. 1984). Accordingly, when Rollins requested that Navid sign a release in exchange for payment, Rollins was negotiating the transaction on behalf of Uiterwyk Corporation for a disclosed principal. When Uiterwyk Corporation received the money in settlement for Navid's claim and refused to transfer the money to Navid, Uiterwyk Corporation was asserting an adverse claim such that Uiterwyk is liable to Navid for conversion.

■ This Court finds that Uiterwyk is liable to Navid for conversion regardless of whether or not Uiterwyk had the knowledge or intent to deprive Navid of his money. Neither knowledge nor intent is required to maintain an action for conversion. *City of Cars, Inc. v. Simms*, 526 So.2d 119, 120 (Fla. 5th DCA 1988); *Stearns v. Landmark First National Bank of Fort Lauderdale*, 498 So.2d 1001 (Fla. 4th DCA 1986).

In conclusion, this Court denies Uiterwyk's objection to Navid's proof of claim and grants Navid's proof of claim for conversion in the amount of $383,418.72.

CIVIL THEFT

■ According to Florida Statutes, section 812.014(1), "[a] person is guilty of theft if he knowingly obtains ... the property of another with the intent to ... [d]eprive the other person of a right to the property.... or [a]ppropriate the property to his own use...." Unlike an action for conversion, theft under section 812.014 re-

quires that the act be accomplished with a "mens rea or, a guilty mind containing a criminal intent to steal". *City of Cars, Inc. v. Simms*, 526 So.2d 119 (Fla. 5th DCA 1988).

Since the Bankruptcy Court was silent as to the outcome determinative fact of whether Uiterwyk Corporation had the necessary mens rea, this Court remands this case back to the Bankruptcy Court for further proceedings. Accordingly, it is

ORDERED that the case is remanded back to the Bankruptcy Court for further proceedings on the issues of civil theft, prepetition interest, and attorneys' fees. It is further

ORDERED that Uiterwyk Corporation is liable to Backer Navid in the amount of $383,418.72 for conversion.

DONE AND ORDERED.