GUNTHER, Judge,
concurring in part and dissenting in part.
I concur with the majority’s affirmance of the trial court’s finding that the appel-lees converted the stock owned by the appellant. But, I respectfully dissent from the majority’s affirmance of the amount of damages ultimately awarded to the appellant by the trial court.
In my view, the appellant is entitled to recover damages measured by the value of the stock at the time of conversion. Mercury Motor Express, Inc. v. Crockett, 422 So.2d 358 (Fla. 1st DCA 1982). In this case, the trial court specifically found that the appellant’s damages as a result of the stock conversion, including prejudgment interest, totalled $73,309.72. Then the trial court, stating that it was sitting in equity, reduced the award of $73,309.72 by the amount of cash (unrelated to the stock transaction), which the appellant had received from the appellees. The trial court reasoned that the full amount of the damages would be a windfall to the appellant. It erred in doing so because the appellees did not counterclaim or contend they were entitled to a set-off in that amount. Thus,, the trial court erred in calculating the damages, and I would reverse and remand with instructions to award the appellant his full measure of damages, $73,309.72.