PER CURIAM.
This cause is on appeal from the trial court’s ruling in favor of Appellees in Appellant’s timber conversion action. The issue on appeal is whether the trial court erred in entering judgment in favor of Defendants/Appellees in Appellant’s suit for conversion of timber where the uncontroverted facts are that (1) Appellant held a mortgage on standing timber located on Appellees’ land; (2) the mortgage was in default; and (3) Appellees had the trees subject to the mortgage cut and removed from the land.
On these facts, the trial court’s ruling that Appellant did not prove conversion because it did not have possession of the land, is erroneous. In Fletcher v. Dees, 101 Fla. 402, 403, 134 So. 234, 235 (Fla.1931), the Florida Supreme Court upheld the right of a timber company to bring suit for the conversion of trees that were subject to the company’s lien, even though the defendant owned the land that produced the trees. It is well-settled that “an action for conversion may be maintained for the wrongful severance and removal or appropriation of timber or for the conversion of logs and lumber_” 35 Fla. Jur.2d Logs and Timber § 26 (1996). In the instant case, once the Appellees/ mortgagors severed timber subject to the mortgage which was in default, the Appellant/mortgagee was entitled to bring suit for conversion of the timber. United States v. Southland Provision Co., 320 F.Supp. 1089, 1091 (M.D.Fla. 1970); In re Dino, 17 B.R. 316, 318 (Bankr. M.D.Fla.1982); 35 Fla. Jur.2d Logs and Timber § 10 (1996). Thus, the trial court’s order is reversed and the case remanded for proceedings consistent with this opinion.[1]
BOOTH, JOANOS and WOLF, JJ., concur.

. In view of this court's decision on the conversion issue, review of Appellant’s other issue on appeal is unnecessaiy.