TJOFLAT, Circuit Judge,
concurring:
For the reasons given in the court’s considered opinion, I agree that the District Court improperly dismissed Douglas’s pay-grade claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] I write separately to emphasize the narrowness of this holding and to explain what must happen on remand.
If this were a typical case, the path forward would be clear. Because Douglas has plausibly stated a claim upon which relief could be granted, taking as true the allegations in his complaint, the United States’ motion to dismiss would be defeat *1280 ed and the case would proceed to discovery. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-56, 127 S.Ct. 1955, 1964-66, 167 L.Ed.2d 929 (2007). Following discovery and absent a settlement, the United States or Douglas could then move for summary judgment or, if genuine disputes of material fact remained, proceed to trial. Either way, the result would be a decision on the merits.
But this is not a typical ease. Douglas sued the United States, which would normally be immune from suit because of its sovereign immunity, under the Federal Tort Claims Act (“FTCA”), 28 U.S.C. § 1346(b)(1). The FTCA waives the United States’ “traditional all-encompassing immunity” in certain circumstances. Rayonier Inc. v. United States, 352 U.S. 315, 319, 77 S.Ct. 374, 377, 1 L.Ed.2d 354 (1957). Relevant here, Douglas seeks “money damages” for “loss of property”— his allegedly vested pay — that was “caused by the negligent or wrongful act or omission” of a government employee' — -Lt. Barker — “acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.” 28 U.S.C. § 1346(b)(1). If Douglas can make this showing and none of the exceptions enumerated in 28 U.S.C. § 2680 apply to bar his suit, the United States has waived its immunity to suit and Douglas’s case may proceed. If Douglas cannot make this showing or one of the § 2680 exceptions applies, the United States has not waived its immunity and Douglas’s case must be dismissed.[2]
The complicating factor for cases like Douglas’s is simply put: “Sovereign immunity is jurisdictional in nature.” Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). Federal courts are courts of limited jurisdiction. The existence of subject-matter jurisdiction as a necessary prerequisite to decide “Cases” and “Controversies” is critical to our Constitution’s separation-of-powers principles and the rule of law in a system of limited government. U.S. Const. art. III, § 2. That is why litigants cannot waive a lack of subject-matter jurisdiction, and why federal courts have an independent duty to inquire into their own jurisdiction when it may be in doubt. See Commodity Futures Trading Comm’n v. Schor, 478 U.S. 833, 850-51, 106 S.Ct. 3245, 3256-57, 92 L.Ed.2d 675 (1986) (“When these Article III limitations are at issue, notions of consent and waiver cannot be dispositive because the limitations serve institutional interests that the parties cannot be expected to protect.”). In line with these principles, a-party may move to dismiss for lack of subject-matter jurisdiction at any time. Fed.R.Civ.P. *1281 12(b)(1), (h)(1). And if “the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.” Fed.R.Civ.P. 12(h)(3).
So what happens when, as is the case here, there is a sufficient pleading of subject-matter jurisdiction under the FTCA based on waiver of sovereign immunity as a facial matter — that is, taking as true the allegations contained in the complaint — but serious doubts remain as a factual matter? The answer depends on where you bring suit. Some circuits take the approach that courts should make a threshold finding under Rule 12(b)(1), which may entail limited discovery and jurisdictional fact-finding, before ruling on the merits because it would be improper to proceed before subject-matter jurisdiction has been properly established. See CNA v. United States, 535 F.3d 132, 144-45 (3d Cir.2008); Hamm v. United States, 483 F.3d 135, 137-38 (2d Cir.2007); see also Crawford v. United States, 796 F.2d 924, 927-28 (7th Cir.1986), abrogated on other grounds by United States v. Kwai Fun Wong, 575 U.S. -, 135 S.Ct. 1625, 191 L.Ed.2d 533 (2015). Other circuits take the approach that the finding of subject-matter jurisdiction should be made together with a merits determination under Rule 56 when, as will often be the case, the two are sufficiently “intertwined.” See Kerns v. United States, 585 F.3d 187, 192-94 (4th Cir.2009); Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 162-63 (1st Cir.2007); Montez v. Dep’t of the Navy, 392 F.3d 147, 149-51 (5th Cir.2004); Augustine v. United States, 704 F.2d 1074, 1077-78 (9th Cir.1983). Our precedent puts us squarely in the second camp. See Lawrence v. Dunbar, 919 F.2d 1525, 1530-31 (11th Cir.1990) (per curiam).
There is great underlying tension motivating these divergent approaches. On the one hand, the core principles of a limited federal judiciary and respect for sovereign entities’ immunity from uneon-sented-to suits clearly cut against proceeding when jurisdiction remains uncertain. On the other hand, the additional procedural safeguards offered by Rule 56 not present in Rule 12(b)(1) — most notably, that the court is to view all facts and make all reasonable inferences “in the light most favorable to the nonmoving party,” Hill v. Cundiff, 797 F.3d 948, 967 (11th Cir.2015)—work to ensure that potentially meritorious but factually contested claims are not prematurely dismissed. How to strike the proper balance between these competing interests, as evidenced by the split in authority, is a difficult question indeed. Until the United States Supreme Court or the Eleventh Circuit sitting en banc rules otherwise, we are bound by our precedent. We must therefore remand for additional fact-finding on the many intertwined jurisdictional-merits questions raised by the record. The District Court should then assess its jurisdiction under the Rule 56 summary-judgment standard.
In this case and others like it, however, the fact-finding on remand should be carefully limited to avoid aggravating the Article III and sovereign-immunity problems discussed above. The outcome of this appeal is driven by its posture. The United States did not raise its motion to dismiss under Rule 12(b)(1), though it did request the District Court, in the alternative, to convert its motion to dismiss into one for summary judgment. The record demonstrates that the District Court addressed Douglas’s pay-grade claim under the Rule 12(b)(6) motion-to-dismiss standard as a facial matter; the District Court refused to consider any evidence extrinsic to the pleadings, including the exhibits the United States attached to its motion. Had the United States also moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) or had the District Court considered the evidence presented to it *1282 and made jurisdictional fact-findings on summary judgment under Rule 56, the result may well have been different.
Going forward, the District Court should make sufficient findings to resolve the jurisdictional-merits questions identified by the court’s opinion.[3] These findings may, but need not necessarily, extend beyond the exhibits the United States attached to its motion to dismiss. The District Court should then decide whether it has subject-matter jurisdiction over Douglas’s suit in line with our decision in Lawrence, 919 F.2d at 1530-31. Though other cases may prove trickier to resolve and thus require relatively extensive discovery and jurisdictional fact-finding, this does not appear to be so here, given the straightforward nature of Douglas’s pay-grade claim.
With that said, I concur fully in the court’s opinion.

. I too see no reason to disturb the District Court's conclusion that Douglas had failed to exhaust the remainder of his claims.

. Our precedent holds that the § 2680 exceptions are jurisdictional, not merits provisions — that is, they go to our “power to hear a case" rather than to whether they “entitle [a plaintiff] to relief.” See Morrison v. Nat’l Austrl. Bank Ltd., 561 U.S. 247, 254, 130 S.Ct. 2869, 2877, 177 L.Ed.2d 535 (2010) (citations and quotation marks omitted). This precedent conflicts with that of several other circuits and has been thrown into doubt by recent Supreme Court decisions. See Zelaya v. United States, 781 F.3d 1315, 1338-40 (11th Cir.2015), cert. denied, - U.S. -, 136 S.Ct. 168, 193 L.Ed.2d 124 (2015); see also United States v. Kwai Fun Wong, 575 U.S. -, -, 135 S.Ct. 1625, 1636-38, 191 L.Ed.2d 533 (2015). I agree with this court’s opinion, however, that we need not resolve these questions today, though they may create additional wrinkles in future cases.

. Among the other jurisdictional-merits determinations the District Court must make, I highlight Douglas’s burden to show that "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.” 28 U.S.C. § 1346(b)(1). The substance of Douglas’s claim is complicated by the "uniquely governmental functions” performed by the Federal Bureau of Prisons. See Zelaya v. United States, 781 F.3d 1315, 1323-25 (11th Cir.2015), cert. denied, - U.S. -, 136 S.Ct. 168, 193 L.Ed.2d 124 (2015). Though Douglas is not precluded from showing a state tort analog solely for this reason, he must nonetheless identify "a valid state tort cause of action” because the tort-analog requirement "is a sine qua non of FTCA jurisdiction.” Id. at 1324.
The exact content of the tort analog under Florida law advanced by Douglas remains unclear. The main thrust of Douglas's argument — that Lt. Baker improperly denied him money the Bureau of Prisons had previously agreed to pay — sounds largely in interference with contract and conversion. But 28 U.S.C. § 2680(h) excepts claims for "misrepresentation, deceit, or interference with contract rights” from the United States’ waiver of sovereign immunity under the FTCA. And Florida’s doctrine of conversion requires that a plaintiff have a possessory interest to the allegedly converted property, Page v. Matthews, 386 So.2d 815, 816 (Fla.Dist.Ct.App.1980); see also Balcor Prop. Mgmt., Inc. v. Ahronovitz, 634 So.2d 277, 279 (Fla.Dist.Ct.App.1994) (requiring the same for civil theft), which Douglas cannot show because he never received the additional money he asserts he was owed.
Assuming that, with the benefit of limited fact-finding, Douglas may be able to show that his claim is not barred by the FTCA's discretionary-function exception, he must still identify a valid tort analog under Florida law to establish federal subject-matter jurisdiction.