DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HOLLYWOOD IMPORTS LIMITED, INC.** d/b/a
**AUTONATION HONDA HOLLYWOOD,**
Appellant,

v.

**NATIONWIDE FINANCIAL SERVICES, LLC** and
**JAVIER FERNANDO MURCIA,**
Appellees.

No. 4D22-567

[May 3, 2023]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Corey Amanda Cawthon, Judge; L.T. Case No. COSO13012404.

Nancy W. Gregoire Stamper of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, and Richard A. Ivers of the Law Office of Richard A. Ivers, Coconut Creek, for appellant.

Ronald R. Torres of the Torres Law Offices, Weston, for appellee Nationwide Financial Services, LLC.

KLINGENSMITH, C.J.

Appellant Hollywood Imports Limited, Inc., doing business as AutoNation Honda Hollywood, appeals the trial court's final judgment for conversion following a non-jury trial in favor of appellee Nationwide Financial Services, LLC. We affirm the trial court's final judgment in all respects except for its finding that appellee was entitled to the fair market value of the vehicle at the center of the dispute. On that issue, we reverse.

In 2012, a buyer entered a retail installment sale contract with a seller for the purchase of a Volkswagen that provided for nine monthly payments. That contract was then assigned to Nationwide. The issued certificate of title reflected the buyer was the registered owner and Nationwide was the first lienholder. However, the buyer failed to make the last payment due.

The buyer then signed another contract to purchase a vehicle from Hollywood Imports and used the Volkswagen as a trade-in. Hollywood Imports claims the buyer represented that no outstanding liens existed against the Volkswagen, he owned the vehicle free and clear, and he would clear up the discrepancy in the title report showing Nationwide's outstanding lien. Soon after, Hollywood Imports received a signed lien satisfaction form reflecting Nationwide's lien had been satisfied. Nationwide alleges the lien satisfaction document contained the forged signature of Nationwide's authorized representative.

The buyer then signed an application for duplicate title for Hollywood Imports, which was submitted along with the contested lien satisfaction form to the Department of Motor Vehicles ("DMV"). The DMV issued a duplicate certificate of title for the Volkswagen showing the buyer as the registered owner and without naming Nationwide as the first lienholder. Afterwards, Hollywood Imports sold the vehicle to another customer.

Nationwide filed a complaint for conversion against Hollywood Imports in county court, claiming damages of $15,000.00. After a non-jury trial, the county court entered final judgments that were later reversed on appeal by the circuit court sitting in its appellate capacity[1] and remanded back to the county court.

After the case went back to county court, Nationwide moved for entry of final judgment in its favor, arguing it was entitled to judgment for $15,000.00, plus prejudgment interest, because that was the maximum which the court could award and because it was the "fair market value" of the vehicle. Hollywood Imports moved for summary judgment on damages, arguing Nationwide's recovery was limited to its interest in the car, specifically the unpaid $2,018.45 installment which represented the balance of its outstanding lien. The county court entered final judgment in favor of Nationwide, and relied on the Fifth District's opinion in *Page v. Matthews*, 386 So. 2d 815, 817 (Fla. 5th DCA 1980), to find that because Hollywood Imports was not in privity of contract with Nationwide, and thus was a "stranger" to the sales contract, Nationwide could recover the Volkswagen's full value. This appeal followed.

"The appropriate measure of damages, as compared with the amount of damages awarded, involves a legal question reviewable on appeal." *R & B Holding Co., Inc. v. Christopher Advert. Grp., Inc.*, 994 So. 2d 329, 331

---

[1] The first appeal was prior to this court assuming jurisdiction of county court appeals. *See* Fla. R. App. P. 9.030(b); *In re Amends. to Fla. Rule of App. Proc. 9.030*, 285 So. 3d 1246 (Fla. 2019).

(Fla. 3d DCA 2008). As a result, our review of the trial court's damage award is de novo. *See D'Angelo v. Fitzmaurice*, 863 So. 2d 311, 314 (Fla. 2003) ("The standard of review for the pure question of law before us is de novo.").

"In tort actions, the measure of damages [awarded] seeks to restore the victim to the position he would be in had the wrong not been committed." *Ashland Oil, Inc. v. Pickard*, 269 So. 2d 714, 723 (Fla. 3d DCA 1972). Ordinarily, the damages which an owner in a conversion action can recover is "the fair market value of the property at the time of the conversion plus legal interest to the date of the verdict." *Cutler v. Pelletier*, 507 So. 2d 676, 679 (Fla. 4th DCA 1987).

Here, Nationwide was not the Volkswagen's owner, and only had an interest in the car as a lienholder. It is well settled that "one who has a special interest in personal property can only recover in a conversion action the value of his interest in the property." *Mercury Motor Exp., Inc. v. Crockett*, 422 So. 2d 358, 359 (Fla. 1st DCA 1982) (quoting *Page*, 386 So. 2d at 816); *see also Fletcher v. Dees*, 134 So. 234, 235 (Fla. 1931) (holding that "one who has a special interest can only recover the value of his special interest in the property"); *Stearns v. Landmark First Nat'l Bank of Fort Lauderdale*, 498 So. 2d 1001, 1002 (Fla. 4th DCA 1986) (plaintiff in a conversion action against bank could pursue the claim only to the extent of her one-half interest in the property).

The "stranger" rule used by the lower court should not be applied to improperly award Nationwide the Volkswagen's fair market value and, in effect, give them a windfall. The rationale of the "stranger" rule allows special interest holders to recover the full value of the property but only in cases where the holder of such limited or qualified interest is also liable to a person owning a superior or remainder interest. *See, e.g., First Tenn. Bank, Nat'l Ass'n v. Graphic Arts Ctr., Inc.*, 859 S.W.2d 858, 867 (Mo. Ct. App. 1993). The general owner of the Volkswagen in this case was the buyer, while Nationwide only had a security interest by way of a lien.

In other words, lienholders may recover the fair market value amount from wrongdoers in a conversion action *only* when the special interest owner is answerable to the general owner for whatever interest remains after the special claim is satisfied. *See id.* The reason for allowing such recovery in those limited cases is because the party having the limited or qualified interest is liable themselves to the owner of the remaining interest. Thus, to be adequately compensated, the special interest holder must receive sufficient compensation not only to compensate for the

3

holder's loss but also to satisfy the demands of such other owners who possess a superior interest.

Nothing in the evidence presented to the lower court suggested that Nationwide was responsible to another party holding any superior interest. Nationwide's only interest remaining in the subject vehicle was the one unpaid monthly installment. Therefore, the rationale behind the application of the "stranger" rule does not apply here.

While Florida has no statute covering the act of conversion, by analogy the replevin statute, section 78.19, Florida Statutes (2013), is instructive. That statute provides: "[W]hen plaintiff's interest in the property is based on a claim of lien or some special interest therein, *the judgment shall be only for the amount of the lien or the value of such special interest and costs . . . .*" § 78.19(1), Fla. Stat. (2013) (emphasis added). *See Littman v. Com. Bank & Tr. Co.*, 425 So. 2d 636, 641 (Fla. 3d DCA 1983) (emphasis added) (requiring appellants to pay the *remaining balance* under the security agreement as damages, after both parties had purchased and resold the equipment subject to the bank's lien, "indicating at least some knowledge and acceptance of the lien as the property's true value").

We decline to permit parties in conversion cases to exceed compensatory limits to impose a penalty upon a defendant, thus allowing a conversion action to take the place of other remedies such as civil theft, which allows an injured party to recover an amount exceeding those limits. "[T]he purpose of compensatory tort damages is to compensate"; it is not the purpose of such damages "to punish defendants or bestow a windfall upon plaintiffs." *MCI Worldcom Network Servs., Inc. v. Mastec, Inc.*, 995 So. 2d 221, 224 (Fla. 2008) (quoting *Coop. Leasing, Inc. v. Johnson*, 872 So. 2d 956, 958 (Fla. 2d DCA 2004)). As the Florida Supreme Court explained:

> The fundamental principle of the law of damages is that the person injured by breach of contract or by wrongful or negligent act or omission shall have fair and just compensation commensurate with the loss sustained in consequence of the defendants act which give[s] rise to the action. In other words, the damages awarded should be equal to and precisely commensurate with the injury sustained.

*MCI Worldcom*, 995 So. 2d at 224 (quoting *Hanna v. Martin*, 49 So. 2d 585, 587 (Fla. 1950)). "The view that a windfall, if any is to be enjoyed, should go to the plaintiff borders too closely on approval of unwarranted punitive

4

damages, and it is a view not espoused by our cases." *Fla. Physician's Ins. Reciprocal v. Stanley*, 452 So. 2d 514, 516 (Fla. 1984) (citation omitted).

Accordingly, we reverse the award of the vehicle's fair market value to Nationwide and remand for proceedings consistent with this opinion. We affirm on all other issues without comment.

*Affirmed in part, reversed in part, and remanded.*

GERBER and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**